COLEGATE et al., Appellees,

v.

LOHBECK, Appellant.

[Cite as *Colegate v. Lohbeck* (1992), 78 Ohio App.3d 727.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910069.

Decided March 18, 1992.

*Charles D. Mullenix,* for appellees.

*Robert L. Schwartz,* for appellant.

*Per Curiam.*

On April 12, 1990, Clarence Colegate and Edward Metzger, plaintiffs-appellees, filed a complaint for discovery, pursuant to R.C. 2317.48 and with accompanying interrogatories, against Paul Lohbeck, defendant-appellant. Defendant moved the court to dismiss the complaint on May 11, 1990. Defendant also made a motion to reassign the case and a motion to consolidate it with case Nos. A–8901073 and A–8901074 which, defendant alleged, were cases involving the same parties. The trial court overruled defendant's motions to reassign and to dismiss on November 5, 1990. Thereafter, on January 25, 1991, the trial court granted plaintiffs' motion to compel and ordered defendant to answer the interrogatories propounded by plaintiffs.

In this appeal, defendant asserts two assignments of error, challenging the trial court's denial of his motion to dismiss and granting plaintiffs' motion to compel. For the reasons that follow, we reverse the judgment of the trial court.

Many of the facts concerning the underlying controversy between the parties are in dispute. What is known is that plaintiffs were former employees and shareholders of an Ohio corporation known as Electric & Computer

Systems, Inc. ("ECS"). Defendant is or was an officer of ECS. Sometime around February 1989, thirty-seven employees of ECS, including plaintiffs, quit their employment with ECS and formed a new company engaging in, virtually, the same line of work.

The record also reveals that there have been several other lawsuits brought by ECS shareholders and former employees against ECS or its officers, including one in which plaintiffs were among the named plaintiffs in the action.[1] The first action was a shareholders suit and alleged various shareholder violations. It was dismissed by Judge Nurre. The second suit, filed on the same day as the first and assigned to Judge Crush, sought return of investment loans from ECS by former employees. Plaintiffs settled the case with prejudice.

Defendant's first assignment of error asserts that it was error for the trial court to grant plaintiffs' motion to compel in a discovery action. The second assignment alleges that the trial court erred in denying defendant's motion to dismiss the discovery action. Because of the overlapping issues herein, we will address the assignments together.

This case involves the scope of R.C. 2317.48, governing an action for discovery, which states that:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. * * *"

R.C. 2317.48 is the codified form, under modern practice, of what had previously been known as an equitable bill of discovery. A bill of discovery was filed prior to a lawsuit and was considered to be an auxiliary proceeding to assist in the prosecution of a legal action. It was important because discovery was restricted prior to the adoption of the Rules of Civil Procedure. Because the Civil Rules provide for extensive pretrial discovery and disclosure, the need for prefiling discovery is not as pressing as it once was.

---

1. The first suit (A–8901073), filed February 7, 1989, was brought by David Larkins and other former shareholders against ECS, Daniel Rice, Joy Rice and John Doe. The second suit (A–8901074), was also filed February 7, 1989, and was brought by Ed Metzger, Ed Metzger, Sr., Clarence Colegate and Donald Lemker against ECS, Daniel Rice and David Carlin (defendants/third-party plaintiffs) and David Larkins and John Does (third-party defendants).

Nevertheless, the Ohio Supreme Court has stated that an action for discovery, pursuant to R.C. 2317.48, "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." *Poulous v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 127, 541 N.E.2d 1031, 1034.

The *Poulous* court chose to adopt a reasonable and literal interpretation of R.C. 2317.48. The court held that an action for discovery, under R.C. 2317.48, is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer, and that the interrogatories are to be submitted only to the adverse party to the contemplated lawsuit. *Poulous, supra,* syllabus. The party claiming to have a cause of action for discovery must set forth the necessity and the grounds for the action. It must be clear to the court what the underlying claim is about.

In the case *sub judice,* plaintiffs' complaint for discovery does not set forth the grounds for the action. Instead, the language of the complaint is very general and very broad. Plaintiffs make reference to obtaining "further relief" against "appropriate parties." Paragraph twenty-one of the complaint states:

"Plaintiffs further state that depending on the information received, no further litigation may be called for and/or instigated by Plaintiffs as it may be determined that they would have no practical remedy as they would not be able to 'squeeze blood out of the proverbial turnip.' "

The plaintiffs' complaint for discovery and the attached interrogatories are not narrowly tailored and specific to the necessary facts, as required by R.C. 2317.48.

Moreover, we note that the interrogatories were submitted only to defendant. The *Poulous* court held that interrogatories are to be submitted only to the potentially adverse party in the contemplated lawsuit. Plaintiffs would seem to have no idea of who the adverse party in the contemplated lawsuit would be, as they only refer to obtaining relief from "appropriate parties."

Accordingly, we hold that the trial court erred in granting plaintiffs' motion to compel answers to the interrogatories and in denying defendant's motion to dismiss. Defendant's first and second assignments of error are well taken.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with instructions to dismiss the action.

*Judgment accordingly.*

GORMAN, P.J., SHANNON and HILDEBRANDT, JJ., concur.