BACHUS ET AL., APPELLANTS, *v.* LORAL CORPORATION, APPELLEE.

[Cite as *Bachus v. Loral Corp.* (1993), 67 Ohio St.3d 300.]

(No. 91–2365—Submitted April 6, 1993—Decided September 15, 1993.)

*Michael F. Colley Co., L.P.A., Michael F. Colley, David I. Shroyer* and *David K. Frank,* for appellants.

*Buckingham, Doolittle & Burroughs* and *Charles E. Pierson,* for appellee.

*Ronald D. Major,* urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

On April 6, 1993, this matter was submitted to the court upon briefs and oral argument. On July 1, 1993, Civ.R. 34(D) became effective.

The court determines that the issue presented in this case has been disposed of with the adoption of Civ.R. 34(D) and that the issue is therefore moot.

Therefore, case No. 91–2365 is hereby dismissed.

MOYER, C.J., A.W. SWEENEY, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., dissent.

DOUGLAS, J., dissenting. I respectfully dissent. I agree that Civ.R. 34(D) attempts to (and does) answer some of the questions in the case now before us. That does not, however, negate our responsibility to correct case law that we know is wrong, especially when we have accepted for review a case which directly presents to us the previously erroneously decided issue.

In 1989, we decided *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031. While the ultimate judgment in that case was, in part, correct, the major premise for which the case stands is just plain wrong. This fact was recognized and, in answer to the problem, Civ.R. 34(D) was proposed and adopted. The rule, incidentally, was adopted by the court without having gone through the usual steps of debate, consideration and vote of the Rules Advisory Committee and/or public comment.

Be all that as it may, we should not dismiss the case at bar as moot. We should decide the issue presented and specifically overrule *Poulos*. I have no difficulty in candidly admitting when we are wrong. We should not be afraid to do so. We should heed the admonition of Justice Stern in *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1976), 46 Ohio St.2d 105, 119, 75 O.O.2d 172, 180, 346 N.E.2d 778, 787, fn. 8, where he said, "This court is more accustomed to detecting and correcting the errors of others than its own. It is to be hoped that we will always remain willing to correct them whether found in either place."

Today, I believe, we fail that test. Accordingly, I would decide the case before us on its merits. Because the majority does not do so, I respectfully dissent.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.