VASQUEZ, Appellant,

v.

DeLAIR, Appellee.

[Cite as *Vasquez v. DeLair* (1996), 115 Ohio App.3d 49.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 93 C.A. 112.

Decided Oct. 31, 1996.

*Daniel Vasquez, pro se.*

*William DeLair, pro se.*

---

JOSEPH E. O'NEILL, Presiding Judge.

This cause originated in the trial court when the present appellant filed a complaint naming the appellee as a defendant. The caption of the complaint set forth "COMPLAINT (WRIT TO MANDAMUS) TO COMPEL DISCOVERY/INTERROGATORIES AS AUTHORIZED BY ORC 2317.48, and See 95 ALR 2d 1229." Attached to this complaint were some interrogatories.

By way of a letter, the appellee moved the trial court to dismiss the complaint.

The trial judge signed and filed a judgment entry dismissing the complaint, and a timely notice of appeal was filed directed to this final judgment.

R.C. 2317.48 sets forth the provisions in an action for discovery and reads as follows:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable."

The only reference in the complaint filed by the appellant relating to any possible cause of action reads as follows:

"In both cases, the respondent has refused to accept/or answer relevant Interrogatories—necessary to the determination of whether or not he will be a substantial party to a Civil Rights (Anti-trust/RICO) and Conspiracy action for State (agents/actors) persons operating in consorted effort to deprive a citizen of his liberty/property."

R.C. 2317.48 has received the attention of the Ohio Supreme Court in *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031. The Supreme Court stated:

"We therefore adopt a reasonable and literal construction of the language of R.C. 2317.48 and hold that an action for discovery pursuant to R.C. 2317.48 is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer and are [sic] to be submitted only to the potentially adverse party to the contemplated lawsuit. Furthermore, we hold that the statutory language contemplates that the person 'claiming to have a cause of action or a defense to an action' must in his statutory action for discovery set forth 'the necessity and the grounds for the action' and the facts sought and deemed necessary to state a cause of action." *Id.* at 127, 541 N.E.2d at 1034–1035.

As between private parties there is no cause of action involving civil rights, RICO or antitrust.

The Court of Appeals for Hamilton County directed its attention to R.C. 2317.48 in *Colegate v. Lohbeck* (1992), 78 Ohio App.3d 727, 605 N.E.2d 1301. In *Colegate,* the court of appeals ruled that a party claiming to have a cause of action

for discovery must set forth the necessity and grounds for that action; it must be clear to the court what the underlying claim is about.

.After a close reading of the plaintiff-appellant's complaint, we cannot conclude that it can clearly be determined what the underlying claim is about.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO and COX, JJ., concur.