BENNER, Appellee,

v.

WALKER AMBULANCE COMPANY, Appellant.

[Cite as *Benner v. Walker Ambulance Co.* (1997), 118 Ohio App.3d 341.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–202.

Decided Feb. 21, 1997.

*Kevin M. Ferguson,* for appellee.

*Andrew J. Ayers,* for appellant.

*Per Curiam.*

This case is an accelerated appeal from the May 22, 1996 judgment of the Lucas County Court of Common Pleas denying in part and granting in part the motion of appellee, Christine Benner, to compel discovery. On appeal, appellant, Walker Ambulance Company, asserts the following assignment of error:

"The trial court erred in ordering defendant-appellant to answer interrogatories seeking information beyond the scope of R.C. 2317.48 and protected from disclosure."

On December 2, 1994, appellee filed a complaint in action for discovery pursuant to R.C. 2317.48 and a motion for a temporary restraining order against appellant. Appellee alleged that one of appellant's ambulances struck her automobile on November 30, 1994, and that she believed that the accident was caused by the negligence of the ambulance driver. However, before she would be able to determine if she could file a complaint for personal injuries, she needed to obtain certain discovery from appellant and its employee.

On April 4, 1995, appellant moved the court to either dismiss appellee's action or grant appellant a protective order that certain discovery not be permitted. Appellant argued that the action exceeded the scope of R.C. 2317.48. It asserted that appellee filed this action solely to avoid reciprocal discovery and that the requested discovery need not be made prior to her filing a personal injury claim because it goes beyond the identification of facts for the filing of the complaint. Appellant contended that all the information appellee needed to file such a complaint may be obtained from the police report.

The trial court denied appellant's motion to dismiss, but granted the motion for a protective order. Appellee's discovery was thereby limited to interrogatories specifically concerning the facts necessary to the complaint and that were directed only to the potential defendants. Appellee propounded interrogatories

upon appellant, some of which appellant refused to answer. Thereafter, pursuant to Civ.R. 37, appellee filed a motion to compel appellant to answer the interrogatories. Appellant responded to the motion by arguing that the interrogatories went beyond the scope of R.C. 2317.48. The court denied the motion in part and granted the motion in part, compelling appellant to answer only two questions, one asking the nature of the incident giving rise to the emergency call and the other asking the name of the person who initiated the call.

■ Generally, the Civil Rules control over a conflicting statutory provision governing procedural matters. Section 5(B), Article IV, Ohio Constitution and *Fraiberg v. Cuyahoga Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 374, 376, 667 N.E.2d 1189, 1191–1192. The Ohio Supreme Court has specifically held that Civ.R. 34(D) governs the prefiling discovery process. *Bachus v. Loral Corp.* (1993), 67 Ohio St.3d 300, 617 N.E.2d 1095. Civ.R. 34(D) was promulgated in 1994 specifically in response to Ohio Supreme Court's interpretation of R.C. 2317.48 in *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031. See Committee Notes to Civ.R. 34(D).

Civ.R. 34(D) provides that:

"(1) Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. * * *

" * * *

"(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:

"(a) The discovery is necessary to ascertain the identity of a potential adverse party;

"(b) The petitioner is otherwise unable to bring the contemplated action;

"(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."

Under the rule, therefore, the court must issue an order authorizing the petitioner to obtain the requested discovery if the court finds that such discovery is necessary to determine the identity of a potential adverse party and/or whether

the petitioner is justified in bringing the contemplated action and that a court order is necessary for petitioner to obtain the information. Civ.R. 34(D).

The Committee Notes to the rule discuss the primary purpose of the rule as being the ability to conduct limited discovery to ascertain the identity of a potential adverse party. However, the rule itself permits discovery of the facts necessary to determine if a party has a valid cause of action against a known adverse party. Ultimately, the rule acts as a safeguard against charges that the plaintiff filed a frivolous lawsuit in a case where the wrongdoer or a third party has the ability to hide the facts needed by the plaintiff to determine who is the wrongdoer and exactly what wrong occurred. See Committee Notes to Civ.R. 34(D).

In the case before us, appellant argues that the trial court erred by ordering it to answer the interrogatories relating to the nature of the emergency call and who initiated the call. It argues that appellee may not seek information to determine whether she has a valid claim, nor can she seek information about a third party who is not a potential adverse party. We disagree. Civ.R. 34(D) clearly permits such discovery. In the case before us, it is clear that the answers to these questions will reveal to Benner whether she may assert claims of reckless or wanton misconduct. Therefore, we find that the trial court's decision was correct.

Walker Ambulance argues, alternatively, that such information is privileged and therefore its disclosure is prohibited during discovery by R.C. 2317.02. We disagree. Benner does not seek the name or identity of the person transported. She does not even seek the details of the person's medical condition. All she seeks is the nature of the medical condition that prompted the emergency call.

Appellant's sole assignment of error is found not well taken.

Accordingly, we find that the trial court did not commit error prejudicial to appellant. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., HANDWORK and SHERCK, JJ., concur.