**NATIONAL CITY BANK, NORTHEAST, Appellee,**

v.

**AMEDIA et al., Appellants.**

[Cite as *Natl. City Bank, N.E. v. Amedia* (1997), 118 Ohio App.3d 542.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 17859 and 17947.

Decided March 5, 1997.

*Jeffrey J. Casto* and *Michael K. Sharnas,* for appellee.

*Sidney N. Freeman,* for appellants.

———————

REECE, Judge.

Appellant, Frank J. Amedia, appeals the orders of the Summit County Court of Common Pleas granting appellee National City Bank's motion to compel discovery and denying Amedia's motion for a protective order.   We reverse.

I

National City Bank, Northeast is the successor in interest to certain escrow accounts originally held by Dollar Savings & Trust, Youngstown, Ohio. In 1991, Frank Amedia, president and managing partner of Yoel Partnership and Yoel Electronics Limited Partnership ("YELP"), entered into two separate escrow agreements with Dollar Savings. One agreement created the Yoel escrow account, and one created the YELP escrow account. Shortly thereafter, Amedia requested that all funds in the accounts be wired to Bin–Nun Engineering, Ltd. ("BNE") in Israel. Dollar Savings complied with the request.

According to National City, in August 1994 it "began receiving letters from disgruntled YOEL/YELP investors alleging that Dollar Savings had wrongfully disbursed the funds held in the YOEL/YELP Escrow Accounts to BNE. It soon became apparent to [National City] that the funds wired to BNE upon the urgings and representations [of] Frank Amedia had been misappropriated, lost, stolen or otherwise diverted." As a result, National City informally requested from Amedia information concerning the two 1991 wire transfers. Amedia did not respond to the request.

Therefore, on January 18, 1996, National City filed a complaint for discovery, pursuant to R.C. 2317.48 and Civ.R. 34(D), against Amedia in his individual capacity and as president and managing partner of Yoel and YELP Partnerships, and against Yoel, Inc. Attached to the complaint were interrogatories and a request for the production of documents. Amedia moved to dismiss the complaint for failure to state a claim upon which relief could be granted, and for lack of subject matter jurisdiction, on March 13, 1996. The court denied Amedia's motion on April 2, 1996. Three days later, on April 5, 1996, National City moved the court for an order compelling Amedia to answer the propounded interrogatories and to produce the requested documents. The court granted National City's motion on April 16, 1996.

Thereafter, on April 29, 1996, Amedia moved the trial court to (1) vacate the April 16, 1996 order compelling discovery, and (2) grant him leave to move for a definite statement pursuant to Civ.R. 12(E). In a separate filing on that same date, Amedia also moved the court for a protective order, requesting that he not be required to respond to National City's discovery requests. On May 14, 1996, Amedia moved to dismiss National City's complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(H)(3).

Amedia appealed the trial court's April 16, 1996 order compelling discovery on May 16, 1996. On June 3, 1996, the trial court granted Amedia's motion to vacate its April 2, 1996 order as to the question of subject matter jurisdiction. However, the court then denied Amedia's motions to dismiss, for a definite statement, and

for a protective order. Furthermore, the court ordered Amedia to respond to National City's discovery requests by June 21, 1996. Amedia filed a second appeal on June 21, 1996. This court consolidated the two appeals on July 18, 1996.

## II

Amedia offers the following assignments of error for our review:

"I. The complaint in the case below does not state a claim upon which a discovery action under Ohio Rev.Code Sec. 2317.48 may be based, and the trial court's grant of [National City's] motion compelling appellants' response to such discovery is contrary to law.

"II. [National City] lacked standing to bring the causes alleged within its complaint and, as a result, the trial court lacked subject matter jurisdiction to consider [National City's] claims.

"II. The court below erred, to the prejudice of appellants, when it ordered compliance with [National City's] discovery before appellants could challenge specific requests."

■ Prior to discussing Amedia's assignments of error, we will first address National City's claim that the trial court's April 16, 1996 order compelling discovery is interlocutory, and therefore not final and appealable as defined in R.C. 2505.02. R.C. 2505.02 provides:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

■ A "substantial right" is an enforceable legal right protected by law. *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414.

This court previously determined the right to nondisclosure of undiscoverable material is a substantial right. *Cerasuolo v. Goodyear Tire & Rubber Co.* (Apr. 5, 1989), Summit App. No. 13864, unreported, at 2, 1989 WL 32607. See, also, *Lieberman v. Screen Machine Advertising Specialties & Screen Print Design* (Feb. 4, 1997), Franklin App. No. 96APE05–665, unreported, 1997 WL 52923. Additionally, we concluded that in the context of a statutory action for discovery, a trial court order compelling provision of the requested discovery determines the action and prevents judgment in favor of the party contesting discoverability. *Cerasuolo, supra.* See, also, *Lieberman, supra.* Thus, an order granting

prelitigation discovery pursuant to R.C. 2317.48 and/or Civ.R. 34(D) is a final appealable order of the first category as defined in R.C. 2505.02. *Lieberman; Cerasuolo, supra.*

■ Having determined that the case before us is final and appealable, we turn now to the merits of Amedia's argument. Amedia claims that National City's complaint for discovery fails to state a cause of action, an essential element in obtaining statutory discovery. R.C. 2317.48 provides in part:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action[.]"

■ As explained by the Supreme Court, R.C. 2317.48 "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or defense filed pursuant to the Civil Rules." *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 127, 541 N.E.2d 1031, 1034. The complaint for discovery must aver "sufficient facts to reveal a 'potential cause of action.' " *Bridgestone/Firestone v. Hankook Tire Mfg. Co., Inc.,* 116 Ohio App.3d 228, 232, 687 N.E.2d 502, 504 (1996), quoting *Poulos, supra,* at 128, 541 N.E.2d at 1035. In other words, "it must be clear to the court what the underlying claim is about." *Colegate v. Lohbeck* (1992), 78 Ohio App.3d 727, 730, 605 N.E.2d 1301, 1303.

In *Bridgestone/Firestone, supra,* this court was faced with circumstances similar to those now before us. A former Bridgestone employee accepted a position with Bridgestone's competitor, Hankook Tire. Bridgestone filed separate actions for discovery against both the former employee and Hankook. In these actions, Bridgestone claimed it had "reason to believe" Hankook "derived confidential, proprietary trade secret information * * * through * * * contact with and employment of" former Bridgestone employees. *Bridgestone/Firestone v. Hankook Tire Mfg. Co., Inc.,* 116 Ohio App.3d 228, 231, 687 N.E.2d 502, 504 (1996). Bridgestone maintained that discovery would "permit it 'to determine whether it has sufficient grounds for suit * * * under one or more of [three alternative legal theories].' " (Bracketed material *sic.*) *Id.*

Determining that Bridgestone "failed to aver sufficient facts to reveal a 'potential cause of action,' " this court reversed the trial court's decision granting Bridgestone's complaint for discovery and denying Hankook's motion to dismiss. *Id.* at 231–232, 687 N.E.2d at 504. We reach the same conclusion in the case *sub judice.* National City's complaint for discovery does not contain facts sufficient to reveal a potential cause of action.

Although National City indicates receipt of complaints from investors concerning disbursement of the Yoel/YELP escrow funds, it does not state those complaints with any particularity. This court is left to wonder whether the complaints are merely those of disgruntled investors unhappy with their investment returns, or whether the complaints allege some sort of impropriety or wrongdoing on Amedia's part for which there is some legal redress.

■ Furthermore, even assuming that Amedia wrongfully transferred the Yoel/YELP funds, National City fails to aver facts sufficient to state a cause of action by National City against Amedia. While the investors may have a cause of action against Amedia, National City's complaint is too vague to support a theory of recovery on its part. National City's complaint is simply devoid of any factual allegations that show how it might have a cause of action against Amedia. Having "failed to aver sufficient facts to state a 'potential cause of action,'" National City's complaint for discovery should have been dismissed.

Accordingly, Amedia's first assignment of error is sustained. In light of our disposition of the first assignment of error, Amedia's second and third assignments of error are rendered moot. See App.R. 12(A)(1)(c).

### III.

Amedia's first assignment of error is sustained. The judgment of the trial court granting National City's motion to compel discovery and denying Amedia's motion for a protective order is reversed. Pursuant to App.R. 12(B), National City's complaint for discovery is dismissed.

*Judgment reversed.*

DICKINSON, P.J., and SLABY, J., concur.