**KROGER, Appellant,**

v.

**KROGER, Appellee.**

[Cite as *Kroger v. Kroger* (1997), 123 Ohio App.3d 561.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 97–CA46–2.

Decided Dec. 11, 1997.

*Wm. Travis McIntyre,* for appellant.

*Robert J. Behal,* for appellee.

GWIN, Judge.

Plaintiff-appellant Mark F. Kroger appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed his complaint against defendant-appellee Mary J. Kroger, brought under R.C. 2317.48. Appellant assigns a single error to the trial court:

"The trial court incorrectly dismissed plaintiff's complaint for discovery in that plaintiff did have standing to request the information sought, the general division did have jurisdiction over the subject matter and [R.C.] 2317.48 was the appropriate vehicle to obtain the information."

Appellant filed this action for discovery on behalf of his children Megan and Michael, and against his ex-wife. In the discovery action, appellant sought to obtain information on bank accounts containing money belonging to the parties' children. Appellee is the residential parent, and had physical possession of the bank accounts which held the children's money. During a deposition regarding child support, appellee testified that the children's money was gone, having been used for their support. Appellee could not be more specific. Appellant alleged in his complaint that he believed the money had been improperly expended and that the minor children might have a claim for damages or replevin against their mother.

The trial court found that the general division had no jurisdiction over the issues, because a claim of abuse of the children's finances belongs in domestic relations court. The court also found that appellant had no personal interest in the matter, and the court declined to become a vehicle for divorcees to inspect their ex-spouses' finances by claiming to act on behalf of children who are not in their custody.

In reviewing a court's dismissal for failure to state a claim pursuant to Civ. R. 12(B)(6), we must accept the allegations in the complaint as true. *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402.

R.C. 2317.48 states:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable."

The action for discovery pursuant to this section is limited solely to interrogatories that specifically concern the facts necessary to the complaint. *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031. The statute codifies the former equitable bill of discovery, and is designed to elicit facts needed to bring a lawsuit. If an action for discovery is not narrowly tailored and specific to the facts necessary to the prospective lawsuit, or if the nature of the underlying claim is not clearly stated, then the complaint must be dismissed. *Colegate v. Lohbeck* (1992), 78 Ohio App.3d 727, 605 N.E.2d 1301.

■ Here, appellant brought this action on behalf of the minor children, and not in his individual capacity. The statute grants jurisdiction over the discovery action to the general division. Appellant cites *In re Dunn* (1995), 101 Ohio App.3d 1, 654 N.E.2d 1303, wherein the Clinton County Court of Appeals found that if a case is not primarily of a domestic relations nature, it should be brought in the general division.

While we sympathize with the trial court in wishing to prevent divorcees from burdening the general division with marital disputes, we find that the court nevertheless erred in dismissing this action. We hold that R.C. 2317.48 gives the general division jurisdiction over this matter and that the court erred in dismissing for failure to state a claim upon which relief can be granted.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM B. HOFFMAN, J., concurs.

READER, P.J., concurs separately.

READER, Presiding Judge, concurring.

I concur with my fellow panel members reluctantly. I believe that the appellant does have a claim pursuant to Civ.R. 12(B)(6). Taking his right of claim to its extreme produces a ludicrous result. There is no question that the appellant has a right to file in the domestic relations division, which has continuing jurisdiction over the parties and the children. Under the theory of guardianship, the appellant could pursue his claim in the probate court. In addition, under a theory that the children might be dependent and/or neglected because of the action of the appellee, the appellant could bring an action in the juvenile court.

Thus, we see a situation where the same parties, based upon the same set of facts, could bring actions in four different courts in the same county. Is it any wonder that persons become confused in the system, and sometimes, along with the court, throw up their hands in utter frustration.