Plaintiff-appellant, Michael Wheeler, filed a complaint for discovery pursuant to R.C. 2317.48 against defendant-appellee, Karolina Perr, and defendants Ronald William Girvin and Paul Kellogg. In his complaint, Wheeler alleged that he is a police officer for the city of Norwood, Ohio. On August 9, 1996, while he was on duty, he was dispatched to a residence located at 1800 Williams Avenue. There he encountered three individuals who provided identification to establish that they were Internal Revenue Service agents and that, in their official capacity, they were seizing an automobile owned by Girvin. Girvin approached Wheeler and stated that the I.R.S. agents had no lawful right to seize his automobile. Wheeler replied that he was present to prevent any violence or other violations of the law, not to determine the validity of the tax laws. Girven then walked away and the I.R.S. agents completed their seizure of Girven's vehicle.
Wheeler alleged that on August 29, 1996, Girvin signed a document entitled "Affidavit of Probable Cause for Criminal Trespass, Theft, Conversion and Receiving Stolen Property," which was notarized by Kellogg. In this affidavit, Girven alleged basically the same facts as set forth by Wheeler except he claimed that the I.R.S. agents had failed to provide any identification or documentation supporting the seizure. Girven claimed in his affidavit that Wheeler's acts constituted criminal offenses. Wheeler further stated that Girvin or his agent arranged for the affidavit to be delivered to the Office of the Clerk of the Hamilton County Municipal Court on September 9, 1996, with the intent to have a warrant issued for his arrest.
The same day the affidavit was delivered to the clerk, Perr, who is apparently Girven's attorney, signed a document entitled "Felony Complaint Referral" in which she stated that Wheeler and the I.R.S. agents had committed the offense of theft pursuant to R.C. 2913.02. She "recommended" the "immediate issuance of Warrant for the Arrest" of Wheeler. Wheeler went on to allege that he believed that the clerk's office had a policy and practice to receive a referral from an attorney as an assurance that the attorney had acquainted himself or herself with the facts set out in the referral and was of the legal opinion that the facts occurred as stated and constituted the stated violation of the criminal law. Subsequently, a warrant was issued for Wheeler's arrest. Though the record is not entirely clear, it appears that the warrant was quashed and that Wheeler was not physically arrested.
Wheeler stated in his complaint that he had reason to believe that the named defendants, and other unknown persons, "knowingly and intentionally joined and conspired together to bring false and malicious criminal charges against him." He went on to state that he "has or appears to have various causes of action against these defendants and various other persons whose identity is not now known and that without the discovery of facts to which references are made in the attached interrogatories[,] he is unable to file his complaint." He asked that each defendant fully and directly answer under oath all of the interrogatories attached to the complaint.
Perr filed answers to the interrogatories, in which she answered some background questions. But she also claimed that answering most of the questions would violate the attorney-client privilege or that they were subject to "The Fifth," presumably the privilege against self-incrimination in the Fifth Amendment to the United States Constitution. She also filed a motion to dismiss the complaint, or in the alternative, a motion for summary judgment. Wheeler filed a motion to compel answers to the interrogatories pursuant to Civ.R. 37. The trial court overruled Wheeler's motion to compel and granted Perr's motion to dismiss, dismissing the complaint with prejudice. This appeal followed.
Wheeler presents two assignments of error for review, which we address out of order. In his second assignment of error, he states that the trial court erred in overruling his motion to compel and in granting Perr's motion to dismiss. While, as a procedural matter, we do not believe that dismissal was a proper disposition of this case, we cannot, on the state of the record, hold that the trial court erred in overruling the motion to compel or in finding in Perr's favor on the merits of her motion.
 I. The Nature of the Action
Wheeler's complaint in discovery was filed pursuant to R.C.2317.48, which provides:
 When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable.
 In Poulos v. Parker Sweeper Co. (1989), 44 Ohio St.3d 124, 541 N.E.2d 1031, the Ohio Supreme Court examined this statute, which is a holdover from practice prior to the enactment of the Rules of Civil Procedure when little discovery was allowed in actions at law. Id. at 125, 541 N.E.2d at 1033, fn. 2. See, also, Russell v. Newrock (June 28, 1989), Hamilton App. No. C-880294, unreported. The court noted that the legislature intended that the statute be given "meaningful application." Poulos, supra, at 126, 541 N.E.2d at 1034. It went on to state that "this form of action occupies a small niche between an unacceptable `fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules." Id. at 127, 541 N.E.2d at 1034.
The court adopted a "reasonable and literal construction" of the language of R.C. 2317.48, stating that an action for discovery "is limited solely to interrogatories specifically concerning the facts necessary to the complaint or answer and are to be submitted only to the potentially adverse party to the contemplated lawsuit." It also emphasized that the person bringing the action for discovery must set forth sufficient facts to reveal a potential cause of action. Id. at 127, 541 N.E.2d at 1034-1035;Natl. City Bank v. Amedia (1997), 118 Ohio App.3d 542, 546,693 N.E.2d 837, 840. In other words, "[i]t must be clear what the underlying claim is about." Colgate v. Lohbeck (1992), 78 Ohio App.3d 727,730, 605 N.E.2d 1301, 1302-1303.
In response to the supreme court's decision in Poulos, Civ.R. 34(D) was promulgated. Benner v. Walker Ambulance Co. (1997),118 Ohio App.3d 341, 343, 692 N.E.2d 1053, 1054. To some extent, the rule expands the concept of pre-suit discovery. Staff Note to Civ.R. 34(D); Lieberman v. The Screen Machine AdvertisingSpecialties Screen Print Design (Feb. 4, 1997), Franklin App. No. 96APE05-665, unreported. The staff notes accompanying the rule describe its primary purpose as giving a person the ability to conduct limited discovery to ascertain the identity of a potential adverse party. Benner, supra, at 344,692 N.E.2d at 1055; Moritz v. S. Ohio Corr. Facility (Dec. 22, 1998), Franklin App. No. 98AP-574, unreported. But the rule also permits discovery of the facts necessary to determine if a person has a valid cause of action against a known adverse party. Benner,supra, at 344, 692 N.E.2d at 1055. Nevertheless, "it is not the purpose of Civ.R. 34(D) to permit a would-be plaintiff to complete all the discovery necessary to support his claim." Moritz, supra;Lieberman, supra.
The civil rules control over a conflicting statutory provision governing procedural matters. Fraiberg v. Cuyahoga Cty. Ct.of Common Pleas (1996), 76 Ohio St.3d 374, 376, 667 N.E.2d 1189,1992; Benner, supra, at 343, 692 N.E.2d at 1054. Further, in a case in which the appellate court decision discussed the application of R.C. 2317.48, the supreme court held that the adoption of Civ.R. 34(D) disposed of the issue and rendered it moot. Bachus v. Loral Corp. (1993), 67 Ohio St.3d 300, 301,617 N.E.2d 1095, 1095. Therefore, we conclude that in any matter where Civ.R. 34(D) conflicts with R.C. 2317.48, the rule prevails. But, in this case, Civ.R. 34(D) does not provide answers to all of the issues raised, and in most respects it does not conflict with R.C. 2317.48. Consequently, we refer to the statute where appropriate.
 II. Application to the Present Case
The trial court granted Perr's motion to dismiss. R.C. 2317.48 provides that an action in discovery may be dismissed pursuant to Civ.R. 12. See Poulos, supra, at 127, 541 N.E.2d at 1035; Kroger v.Kroger (1997), 123 Ohio App.3d 561, 563, 704 N.E.2d 643, 644. In our view, the only ground for dismissal applicable to this case is set forth in Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. In most of the cases that we have found, courts have dismissed actions in discovery pursuant to Civ.R. 12(B)(6) because the plaintiff failed to aver sufficient facts showing that he or she had a cause of action. See Amedia, supra, at 547,693 N.E.2d at 840; Colgate, supra, at 730, 605 N.E.2d at 1303; ClevelandConstr., Inc. v. Carr (Dec. 18, 1998), Ashtabula App. No. 98-A-0002, unreported. They were decided under the more restrictive Poulos
standard, and it is unclear how Civ.R. 34(D) would affect similar cases. But we need not reach that issue because we hold that even under the more restrictive standard, Wheeler set forth sufficient facts to show he had causes of action for malicious prosecution and civil conspiracy. See Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415,419, 650 N.E.2d 863, 866; Trussell v. General Motors Corp.
(1990), 53 Ohio St.3d 142, 144-146, 559 N.E.2d 732, 734-736; Schwellerv. Schweller (Dec. 26, 1997), Hamilton App. Nos. C-970183 and C-970191, unreported; Brose v. Bartlemay (Apr. 16, 1997), Hamilton App. No. C-960423, unreported.
A Civ.R. 12(B)(6) motion tests the sufficiency of the complaint, and the trial court, in ruling on such a motion, must take all the allegations in the complaint as true, drawing all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. A court may dismiss a complaint on a Civ.R. 12(B)(6) motion only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus; Pollock v. Rashid (1996), 117 Ohio App.3d 361, 367-368,690 N.E.2d 903, 908. Wheeler's complaint clearly set forth facts sufficient to meet all the requirements for an action in discovery, and we hold, therefore, that a dismissal under Civ.R. 12(B)(6) was not an appropriate resolution of the case. We would note that although the trial court never stated why it granted the motion to dismiss, the record seems to indicate that failure to state a cause of action was not the reason.
Nevertheless, we are still faced with the question of what is the proper resolution of this case. R.C. 2317.48 states that unless a motion to dismiss under Civ.R. 12(B)(6) is filed, "the complaint shall be fully and directly answered under oath by the defendant." It also describes how costs should be assessed "[u]pon the final disposition of the action[.]" The court in Poulos further stated that "R.C. 2317.48 contemplates that the trial court will then proceed to a final disposition of the statutory action for discovery and either grant or deny the action. The granting of the action commences the discovery process subject to the trial court's supervision." Poulos, supra, at 127, 541 N.E.2d at 1035.
In this case, the court in effect granted the action since the discovery process began. We hold that in a discovery action, once the plaintiff has passed the Civ.R. 12(B)(6) hurdle, discovery should proceed according to the civil rules, and the trial court enjoys broad discretion to decide if matters are privileged or are otherwise proper subjects for discovery. See State ex rel. Abnerv. Elliott (1999), 85 Ohio St.3d 11, 16-17, 706 N.E.2d 765,769-770; State ex rel. Greater Cleveland Regional Transit Auth. v.Guzzo (1983), 6 Ohio St.3d 270, 271, 452 N.E.2d 1314, 1315.
Perr did answer some of Wheeler's interrogatories, but she claimed that most of them asked for privileged information. The record shows that the trial court held a hearing before it granted Perr's motion to dismiss and overruled Wheeler's motion to compel. But we have no transcript of that hearing, and we do not know the trial court's basis for its ruling. The duty to provide a transcript for appellate review falls upon the appellant because the appellant bears the burden of showing error by reference to matters in the record. When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and therefore has no choice but to presume the validity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384, 385; Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,409, 629 N.E.2d 500, 506. The record does seem to indicate that the hearing was in camera and no transcript may be available. Nevertheless, Wheeling could have availed himself of the provisions of App.R. 9(C) or (D) to provide us with a record of what occurred. See Knapp, supra, at 199-200,400 N.E.2d at 385-386.
The limited record we do have does not support the conclusion that the trial court abused its discretion. See Wozniak, supra, at 409, 629 N.E.2d at 506. From the face of the interrogatories, it does appear that some of the information requested may have been privileged and therefore not subject to discovery. See Civ.R. 26(B)(1). Consequently, the trial court did not err in overruling Wheeling's motion to compel. Further, while it was not appropriate to grant Perr's motion to dismiss, since it appears that she answered the interrogatories except for the privileged information, we hold that the proper procedure would have been for the trial court to simply grant judgment in her favor. But, see, Lieberman, supra (an order granting pre-litigation discovery was a final, appealable order because it compelled the respondents to provide discovery and they had no opportunity for a favorable judgment). Consequently, pursuant to App.R. 12(A), we modify the trial court's judgment granting Perr's motion to dismiss to reflect that judgment was entered in her favor.
We are aware that Wheeler's allegations, if true, present a bizarre set of facts. We have difficulty envisioning any set of circumstances that would justify an attorney in arranging for the issuance of an arrest warrant for a police officer doing his duty on the facts set forth in Girven's affidavit. Nevertheless, an action for discovery is an auxiliary proceeding. Poulos, supra, at 125,541 N.E.2d at 1033, n. 2; Russell, supra. This decision is res judicata
only as to the action in discovery, and nothing in it should be construed to prevent Wheeler from filing his suit on the merits, as long as it is otherwise proper. At that time, he can engage in more extensive discovery than that provided for in R.C. 2317.48 or Civ.R. 34(D). See Moritz, supra.
In sum, we overrule Wheeler's second assignment of error and we affirm the judgment of the trial court as modified. In Wheeler's first assignment of error, he states that the trial court erred in dismissing his complaint with prejudice. Given our disposition of the second assignment of error, we find this assignment to be moot and we therefore decline to address it. App.R. 12(A)(1)(c).
Judgment affirmed as modified.
 Doan, P.J., Gorman and Painter, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.