DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gibson-Myers Associates, Inc., has appealed from an order of the Summit County Court of Common Pleas compelling discovery of certain documents and business records. This Court reverses and remands for proceedings consistent with this decision.
 I.
Appellant is an insurance broker who at one time employed Matthew Pearce, Appellee. After working for five months, on January 31, 1992, Appellee signed an employment agreement with Appellant which contained, among other things, a limited non-compete clause. This clause prohibited Appellee from diverting or soliciting Appellant's clients or providing services to them for a period of three years after his employment with Appellant was terminated. The agreement did not prohibit him from continuing to work as an insurance agent upon termination or otherwise competing with Appellant.
During July, 1997, upon his termination from Appellant's office, Appellee allegedly began diverting and soliciting dozens of Appellant's clients with some success. As a result, on September 17, 1997, Appellant brought suit against Appellee for breach of the employment agreement. Appellee answered and filed a counterclaim alleging he was entitled to compensation under the employment agreement which he never received.
On June 9, 1998, pursuant to Civ.R.30(B)(5), Appellee filed a notice of deposition of Mr. Robert Myers. In this notice, Appellee requested Appellant to provide "copies of any and all commission statements, or equivalent records, received from any insurance company or carrier whose products were sold or offered for sale by [Appellee] for the years 1994 through 1997." Appellant was also requested to bring "any and all copies or agreements of any consulting company, or consulting agent, person or partnership or individual, or any person of any company, corporation, person or partnership for the years 1994 through 1997."
On August 6, 1998, at Mr. Myers' deposition, Appellee for the first time specifically requested the production of the following documents: (1) handwritten production records, (2) all ledger entries regarding each agent's continuing education compensation, (3) accounting records which indicate those accounts Appellee was responsible for recruiting, (4) accounting records pertaining to all clients' payment activity between 1992 and 1997, (5) Appellant's tax records from 1992 to 1997, (6) documents detailing the formula under which Appellee was to be compensated, and (7) Appellant's annual report detailing each agent's amount billed, receipts, etc.
Over two months later, on October 15, 1998, Appellee moved the trial court for an order compelling the production of the seven documents listed above. Four days later, without receiving any response from Appellant or making any other provision, the trial court granted the motion. This appeal followed.
 II.
As a preliminary matter, this Court must first determine whether it has jurisdiction to hear this appeal. The order from which Appellant has appealed compels the discovery of several documents Appellant now wishes to protect. As a general rule, orders regarding discovery are interlocutory and not immediately appealable. See Walters v. The Enrichment Ctr. of Wishing Well,Inc. (1997), 78 Ohio St.3d 118; State ex. Rel Steckman v. Jackson
(1994), 70 Ohio St.3d 420; Polikoff v. Adam (1993), 67 Ohio St.3d 100;Klein v. Bendix-Westinghouse Co. (1968), 13 Ohio St.2d 85
(holding discovery orders of a trial court are not subject to immediate appellate review). Nevertheless, recent changes in the Ohio Revised Code have created several exceptions.
Appellate courts have jurisdiction to "review, affirm, modify, set aside or reverse judgments or final orders." R.C.2501.02. An order of the trial court is final and appealable only if the requirements of R.C. 2505.02 are satisfied. Thus, a discussion of these threshold requirements is necessary.
R.C. 2505.02(B) provides in pertinent part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
R.C. 2505.02(B)(4). A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C.2505.02(A)(3).
Appellant has argued that the trial court incorrectly granted Appellee's motion to compel the production of documents. Appellant has averred that the documents in question are confidential, and therefore, not subject to discovery.
It is axiomatic that documents containing privileged information or those constituting trade secrets are exempt from disclosure. See State ex rel. The Plain Dealer v. Ohio Dept. ofIns. (1997), 80 Ohio St.3d 513, 517; State ex rel. Toledo BladeCo. v. Univ. of Toledo Found. (1992), 65 Ohio St.3d 258, 264;Calihan v. Fullen (1992), 78 Ohio App.3d 266. Just as the phrase "provisional remedy" encompasses the discovery of privileged material, it should also be read to include the discovery of confidential information, i.e. trade secrets. On its face, R.C. 2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. In a competitive commercial market where customers are a business' most valuable asset and technology changes daily, disclosure of a trade secret will surely cause irreparable harm.
This Court holds that any order compelling the production of documents which constitute trade secrets is a final appealable order under R.C. 2505.02(B)(4).[1] In the case at bar, the record is void of any evidence pertaining to whether or not the documents in question constitute trade secrets. Therefore, this Court cannot determine whether the documents at issue are trade secrets. This is due in part to the trial court's premature ruling and its failure to hold a hearing on the record. Thus, upon remand, the trial court should request that both parties brief the issue, hold an in camera inspection of the documents, create a record of such and the court's findings, and finally, determine whether the documents requested constitute trade secrets under Ohio law. This Court now turns to the merits of this appeal.
 A.
It is well established that a trial court enjoys considerable discretion in the regulation of discovery proceedings. Manofskyv. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 668, citing State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. An abuse of discretion connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary, not a mere error of judgment.Franklin Cty. Sheriff's Dept. State Emp. Relations Bd. (1992),63 Ohio St.3d 498, 506. Although a trial court possesses both statutory and inherent authority to regulate discovery, such authority is not unlimited. Indeed, despite the discretion enjoyed by a trial court in discovery matters, it must consider both the interests of parties seeking discovery and the interests of parties resisting discovery. Appellant has asserted four assignments of error. They have been rearranged to facilitate their disposition.
 B.
In its third assignment of error, Appellant has argued that the trial court erred by granting a motion to compel the production of documents in the absence of any request for production of documents under Civ.R. 34. This Court agrees.
The Ohio Rules of Civil Procedure clearly state that Rule 34 requests are the only means by which discovery of documents from a party may be had. Civ.R. 45(A)(1)(c) ("documents may be obtained from a party in discovery only pursuant to Civ.R. 34."(Emphasis added)). Civ.R. 34 states in pertinent part:
 [A]ny party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requesting party's behalf (1) to inspect and copy, any designated documents (including writings, * * *) that are in the possession, custody, or control of the party upon whom the request is served; (2) to inspect and copy, test, or sample any tangible things that are in the possession, custody, or control of the party upon whom the request is served; (3) to enter upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and * * * photographing, * * *.
Civ.R. 34 goes on to state that the party upon whom the request is served must file a written response within the time specified in the request. Civ.R. 34(B). This provision indicates the method by which the non-requesting party may object to the request.
Civ.R. 37(A)(2) states in part, "if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling * * * inspection in accordance with the request." Thus, reading Civ.R. 34, 37 and 45 together, this Court concludes that a motion to compel the production of documents, and more importantly an order to compel production of documents, may comeonly after a Civ.R. 34 request.
In the case at bar, Appellee failed to submit a formal writing styled "Rule 34 Request for Production of Documents." It appears from the record, however, that Appellee did, in fact, request the documents at issue prior to his motion to compel. On August 6, 1998, during Mr. Myers' deposition, Appellee for the first time specifically requested each of the seven documents in issue.[2] Nevertheless, this Court finds that Appellee has not fulfilled his obligation under the Ohio Rules of Civil Procedure. While recognizing and in no way discouraging this practice or any other variation of informal discovery, this Court holds that a formal, written Civ.R. 34 request is absolutely necessary before a motion to compel under Civ.R. 37(A) can be filed. Appellee's informal requests during Mr. Myers' deposition simply do not satisfy the mandate set forth in Civ.R. 45(A)(1)(c). Appellant's third assignment of error is, therefore, sustained.
 C.
In its second assignment of error, Appellant has argued that the trial court erred and abused its discretion by ordering the production of its records in contravention to Civ.R. 6(D) and Loc.R. 7.14(A) of the Court of Common Pleas of Summit County. Civ.R. 6(D) states in pertinent part:
 A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court.
Likewise, Loc.R. 7.14(A) of the Court of Common Pleas of Summit County, General Division, states:
 Every motion filed shall be accompanied by a brief stating the grounds upon which it is based, and a citation of authorities relied upon to support the motion. Within ten (10) days after receipt of a copy of a motion, opposing counsel shall prepare and file a response to the motion setting forth statements relied upon in opposition. Every motion so filed shall be deemed submitted and shall be determined upon the written statements of the reasons in support or opposition, as well as the citation of authorities. At any time after fourteen (14) days from the date of filing of the motion, the assigned judge may rule upon the motion.
In this vein, the Ohio Supreme Court has stated, "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." Miller v. Lint
(1980), 62 Ohio St.2d 209, 215. Thus, if a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error. In re Foreclosure ofLiens for Delinquent Taxes (1992), 79 Ohio App.3d 766, 771-72.
In this case, the trial court ordered disclosure of the potentially confidential records without ever allowing Appellant time to respond. While Appellant bears the ultimate burden of demonstrating that the records it seeks to protect are trade secrets,[3] the trial court must afford it the opportunity to do so. Appellee filed his motion to compel and only four days later, before Appellant had a chance to respond, and in contravention to both the Ohio Rules of Civil Procedure and the Summit County Local Rules, the trial court issued its order.[4] It never gave notice to Appellant of its intention to rule quickly. Instead, the trial court simply ordered the information disclosed ex parte. This is unacceptable.
Appellee has argued that Appellant continued to delay and on the eve of trial, refused to disclose this information. This Court notes that if time is truly of the essence, the moving party may always request an accelerated response date, which with notice the trial court may grant.[5] In the end, a trial court must follow the Ohio Rules of Civil Procedure and its local rules. The non-moving party must be given time to present its arguments, regardless of their merit. Neither has occurred in the instant action. As such, Appellant's second assignment of error is sustained.
 D.
This Court does not reach Appellant's first and fourth assignments of error in light of this Court's determination that, on remand, (1) Civ.R. 34 requests and responses may be filed, and (2) that a hearing must be held to evaluate whether the information at issue is discoverable or not, Appellant's arguments regarding due process and the relevancy, materiality, over-breadth, ambiguity, and scope of the trial court's order compelling discovery are moot. Therefore, pursuant to App. R. 12(A)(1)(c), this Court declines to address these issues.
 III.
Appellant's second and third assignments of error are sustained. The order of the trial court is reversed and this action is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BETH WHITMORE FOR THE COURT SLABY, P.J.
CARR, J.
CONCUR
[1] In 1997, this Court held that the right to nondisclosure of undiscoverable material is a substantial right and an order granting the disclosure of such was final and appealable. Natl.City Bank, N.E. v. Amedia (1997), 118 Ohio App.3d 542, 545-46. In 1998, however, the General Assembly amended R.C. 2505.02, the statute being interpreted today. In light of the legislature's action, this Court reaches the same result only through a different analysis.
[2] Appellee's Civ.R. 30(B)(5) notice of deposition and the broad request for documents made therein is not in issue. While Civ.R. 30(B)(4) allows a Civ.R.34 request to accompany a notice of deposition, no such request was clearly set forth in Appellee's notice. Moreover, the documents in issue were not specifically identified until Mr. Myers' deposition almost two months after Appellee's notice of deposition.
[3] A party refusing to release records has the burden of showing that the records are exempt from disclosure. State exrel. Toledo Blade Co. v. Univ. of Toledo Found. (1992), 65 Ohio St.3d 258,264, citing State ex rel. Natl. Broadcasting Co. v.Cleveland (1988), 38 Ohio St.3d 79, paragraph two of the syllabus.
[4] It appears from the face of the order, the trial court signed it on October 15, 1998, the same day the motion to compel was filed. However, the court did not file its order until four days later, on October 19, 1998.
[5] This Court notes that Civ.R. 7(B)(2) gives a trial court an avenue around such procedural restraints and grants the authority rule on motions without an oral hearing in certain circumstances. Civ.R. 7(B)(2) provides:
 To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements or reasons in support and opposition.
However, the record fails to indicate any such provision or order by the trial court in the instant action.