Judgment affirmed in part<br>and reversed in part.

GWIN, P.J., and FARMER, J., concur.

---

WHITE, Appellant,

v.

EQUITY, INC. et al., Appellees.

[Cite as *White v. Equity, Inc.*, 178 Ohio App.3d 604, 2008-Ohio-5226.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–245.

Decided Oct. 7, 2008.

Robert J. Behal Law Offices L.L.C., and Jack D'Aurora, for appellant.

Madison & Rosan, L.L.P., Kristin R. Rosan, and Darcy A. Burdette, for appellees.

FRENCH, Judge.

{¶ 1} Plaintiff-appellant, Tammy White, appeals from the judgment of the Franklin County Court of Common Pleas staying her petition for discovery and complaint for spoliation of evidence against defendants-appellees, Equity, Inc. ("Equity"), Steven P. Wathen, John A. Brooks, and Gregory M. Gillott (collectively, "appellees"), pending arbitration. For the following reasons, we reverse.

{¶ 2} Appellant initiated this action on May 17, 2007, by filing a combined petition for discovery and complaint for spoliation of evidence. Subsequently, on July 16, 2007, she filed an amended combined petition and complaint. Appellant's amended pleading encompasses two distinct actions, an action for a discovery

order, pursuant to Civ.R. 34(D) and R.C. 2317.48, and a tort action for spoliation of evidence.

{¶ 3} Appellant, a licensed real estate agent and former agent of Equity, claims that she may be entitled to commission payments from Equity relating to development projects in Palm Beach and Atlanta and/or the sale of two properties in Columbus. Appellant maintains that Equity has denied her access to documents relating to the deals upon which she could claim entitlement to commissions, pursuant to the Independent Contractor Agreement ("ICA") that governed her relationship with Equity. Appellant admits that the ICA requires determination of her commission claims by arbitration. However, appellant argues that she requires access to discovery to determine whether she can plead a breach-of-contract claim in arbitration and that she is unable to initiate an arbitration claim without discovery. Accordingly, appellant requests a court order for Equity to produce specified documents and answer interrogatories attached to her amended pleading. Appellant also alleges that appellees Wathen, Brooks, and Gillott, who are the principals of Equity, engaged in spoliation of evidence by willfully and maliciously redacting and destroying her original ICA to disrupt her ability to prosecute her claims for commissions.

{¶ 4} On July 27, 2007, appellees filed a motion to stay appellant's claims pending arbitration, pursuant to R.C. 2711.02, along with a request for sanctions. The parties fully briefed the issues raised in appellees' motion. On September 14, 2007, appellees also filed a motion to dismiss appellant's amended petition and complaint, pursuant to Civ.R. 12(B)(6), or for judgment on the pleadings, pursuant to Civ.R. 12(C).

{¶ 5} On March 5, 2008, the trial court issued a decision and entry granting appellees' motion to stay and denying appellees' request for sanctions. The trial court's decision and entry states, in its entirety, as follows:

> This matter is before the court upon the motion of defendants to stay this matter pending arbitration and for sanctions pursuant to R.C. § 2323.51 and Civ. R. 11. Plaintiff filed a memorandum contra and defendants replied. The court has considered all memoranda submitted.
>
> The issue before this court is simple—may plaintiff bring this pre-litigation discovery action pursuant to R.C. § 2317.48 and Civ. R. 34(D)? Both parties agree that the contract provisions at issue require resolution in an arbitration setting. Here, plaintiff petitions the court for a discovery order *before* commencing arbitration. It is plaintiff's position that she needs to conduct discovery to assist her to determine which claims she should bring to the arbitration table.
>
> The court finds this request premature as it is unclear whether there exists sufficient discovery methods within the rules of arbitration pursuant to R.C.

§ 2711 to address this issue. The court finds that the parties must "exhaust the remedies available to them under the rules of arbitration before seeking redress in the courts." *See Breeding v. Kramer* [*Kraner*] (May 10, 1990), Franklin App. No. 89AP–1297 [1990 WL 61128], 1990 Ohio App. LEXIS 1805. Accordingly, this court **STAYS** this matter while the parties seek resolution in arbitration pursuant to their contract. Defendants' motion for sanctions is **DENIED.**

(Boldface sic.) The trial court did not separately address appellant's claim for spoliation of evidence, instead focusing solely upon whether appellant could "bring this pre-litigation discovery action."

{¶ 6} Appellant filed a timely notice of appeal and now asserts the following two assignments of error:

### ASSIGNMENT OF ERROR NO. 1.

The trial court erred in staying the petition for discovery.

### ASSIGNMENT OF ERROR NO. 2.

The trial court erred in staying the action for spoliation of evidence.

{¶ 7} Both assignments of error concern the trial court's decision to stay appellant's action pending arbitration, pursuant to R.C. 2711.02, which provides as follows:

(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Appellate courts generally review a trial court's decision regarding a motion to stay proceedings pending arbitration under an abuse-of-discretion standard. *Khoury v. Denney Motors Assoc., Inc.*, Franklin App. No. 06AP–1024, 2007-Ohio-5791, 2007 WL 3149174, ¶ 7, citing *Peters v. Columbus Steel Castings Co.*, Franklin App. No. 05AP–308, 2006-Ohio-382, 2006 WL 225274, ¶ 10. However, the de novo standard of review is proper when the appeal presents a question of law. Id. Bearing these standards in mind, we review each of appellant's assignments of error.

{¶ 8} Appellant's first assignment of error concerns the trial court's decision to stay her petition for discovery, which she brings pursuant to both R.C. 2317.48 and Civ.R. 34(D). R.C. 2317.48 provides as follows:

When a person claiming to have a cause of action * * * without the discovery of a fact from the adverse party, is unable to file his complaint * * *, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. * * *

Similarly, Civ.R. 34(D) provides as follows:

(1) Subject to the scope of discovery provisions of Civ. R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. * * *

* * *

(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:

(a) The discovery is necessary to ascertain the identity of a potential adverse party;

(b) The petitioner is otherwise unable to bring the contemplated action;

(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.

In some respects, Civ.R. 34(D) expands the concept of pre-suit discovery codified in R.C. 2317.48. Staff Notes to Civ.R. 34(D). In any matter where Civ.R. 34(D) conflicts with the statute, the rule prevails. *Wheeler v. Girvin* (Apr. 9, 1999), Hamilton App. No. C–980302, 1999 WL 193431.

{¶ 9} In order to grant appellees' motion to stay appellant's discovery action, the trial court was required to find that appellant's request for discovery was an issue referable to arbitration under the ICA. Only upon being satisfied that the petition for discovery involved an issue referable to arbitration under a valid, written agreement to arbitrate could the trial court stay the matter under R.C. 2711.02. The Eighth Appellate District considered whether an R.C. 2317.48 action for discovery presented an issue referable to arbitration in *Kaufman v. Shearson Lehman Hutton, Inc.* (Apr. 27, 1989), Cuyahoga App. No. 56299, 1989 WL 42273. There, the court found that the arbitration provision at issue did not preclude a discovery action, pursuant to R.C. 2317.48, noting that R.C. 2317.48 "is not intended to resolve claims or controversies [and] its use is not limited by the particular forum in which an action must be brought." The court also found that R.C. 2711.02 does not require the trial court to stay the discovery order because "an action for discovery under R.C. 2317.48 is not an issue 'referable to arbitration.'" Id. See also *Bartok v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (Aug. 8, 1990), Summit App. No. 14500, 1990 WL 116974 (relying on *Kaufman* to affirm summary judgment in favor of the plaintiff in a discovery action where the

plaintiff had unsuccessfully requested documents to support his claim and had not yet initiated arbitration pursuant to the arbitration agreement that governed his claims).

{¶ 10} Appellees urge this court to reject the nonbinding holdings of the Eighth and Ninth Appellate Districts in *Kaufman* and *Bartok*. Appellees argue that the references in Civ.R. 34(D) and R.C. 2317.48 to a person claiming to have a "cause of action" demonstrate that the rule and statute are inapplicable where arbitration of the underlying claim is contractually mandated. Specifically, it is appellees' position that appellant does not have a "cause of action" against them because her claims cannot be litigated. We disagree. A valid arbitration agreement does not negate the existence of a plaintiff's "cause of action," whether that claim may be adjudicated in a judicial tribunal or must be submitted to arbitration. See *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488 (discussing whether a "cause of action" was within the scope of an arbitration agreement). In support of their position, appellees cite *Tran v. Columbus* (Nov. 2, 1993), Franklin App. No. 93AP–1023, 1993 WL 460586, in which this court affirmed the dismissal of a discovery action where the plaintiff had no potential cause of action against the defendants. There, however, the plaintiff had no viable cause of action in any forum because two of the three purported defendants were immune from liability, and the statute of limitations had long since expired with respect to any conceivable claim against the third purported defendant. Here, while disputing the merits of any potential claim, appellees do not dispute that appellant may maintain a claim in arbitration. Accordingly, we find *Tran* inapplicable to the question before us here.

{¶ 11} Although this court has not previously addressed the precise issue presented here, appellees rely heavily on our opinion in *Breeding v. Kraner* (May 10, 1990), Franklin App. No. 89AP–1297, 1990 WL 61128, the sole case cited by the trial court. In *Breeding,* the appellant filed a demand for arbitration and, thereafter, filed an action for discovery under R.C. 2317.48, which the trial court dismissed. This court stated the issue presented as "whether there [exist] sufficient discovery methods within the rules of arbitration which, absent exhaustion of these remedies, bar an action for discovery pursuant to R.C. 2317.48." Id. Affirming the trial court's dismissal, we stated that "[t]he failure or absence of discovery in the arbitration procedure must be alleged in this situation in order to state a claim for possible relief under R.C. 2317.48. Having not done so, appellant has failed to state a claim upon which relief can be granted." Id.

{¶ 12} According to appellees, *Breeding* is consistent with the general principle that arbitration is the preferred method for resolving disputes when there is a valid arbitration agreement between the parties. Here, however, there is no

dispute as to either the general principle or as to the validity of the arbitration agreement contained in the ICA. Appellant admits that her commission claims are subject to a valid arbitration agreement and that the merits of those claims must, therefore, be resolved through arbitration. What is at issue is whether, before initiating arbitration proceedings, a plaintiff, like appellant here, may maintain an auxiliary action to discover facts necessary for pleading her claims in arbitration, a question not before this court in *Breeding*. We consider this issue of law de novo.

{¶ 13} The *Breeding* opinion contains seemingly conflicting statements as to when parties become bound to pursue discovery within arbitration proceedings rather than through the trial court. First, the court states that "[*o*]*nce a demand for arbitration has been filed*, the parties are committed to abide by the rules of arbitration as outlined in the contract." (Emphasis added.) Id. However, the court also states as follows:

> [*O*]*nce the parties have contractually bound themselves to arbitration* they must first exhaust the remedies available to them under the rules of arbitration before seeking redress to the courts. If appellant had been denied a requested preliminary hearing, or if appellee had failed to produce discovery after a discovery schedule was set, this court would be presented with a different issue and the use of R.C. 2317.48 might be deemed proper. * * *

(Emphasis added.) Id. Despite this seeming inconsistency, we do not read *Breeding* as broadly holding that a plaintiff who is contractually bound to have the merits of her claim determined by arbitration may never utilize the mechanisms of R.C. 2317.48 and Civ.R. 34(D) before filing a demand for arbitration.

{¶ 14} First, *Breeding* was decided prior to the enactment of Civ.R. 34(D), which expanded the scope of pre-suit discovery. Second, the appellant in *Breeding* filed a demand for arbitration before seeking discovery in the trial court and, therefore, could not argue that the requested discovery was necessary to plead his claims in arbitration. While we agree that parties must abide by the rules of arbitration after initiating arbitration proceedings, including rules governing discovery, it need not necessarily follow that a party may not first seek discovery necessary to initiate her arbitration claim under R.C. 2317.48 or Civ.R. 34(D). Although appellant here is bound to arbitrate her commission claims, unlike the appellant in *Breeding*, appellant has not initiated arbitration proceedings and claims that she requires certain discovery in order to do so. Third, by suggesting that a discovery action may be alleged where there has been a failure or absence of discovery in the arbitration procedure, the *Breeding* opinion rejects appellees' implicit argument that R.C. 2317.48 may never be utilized with respect to claims subject to arbitration. Finally, we note that *Breeding* was decided upon a Civ.R. 12(B)(6) motion to dismiss rather than upon an R.C. 2711.02 motion to

stay. Thus, the question before the court there was not whether the discovery petition presented an issue referable to arbitration, but whether the complaint alleged a claim upon which relief could be granted. For these reasons, we find that *Breeding* is factually and procedurally distinguishable and does not stand for a broad prohibition against the use of R.C. 2317.48 and Civ.R. 34(D) with respect to claims that will ultimately be adjudicated in arbitration.

{¶ 15} Under these facts, we agree with the holdings of the Eighth and Ninth Appellate Districts in *Kaufman* and *Bartok*. We conclude that a complaint or petition for discovery, pursuant to Civ.R. 34(D) and/or R.C. 2317.48, does not present an issue referable to arbitration for purposes of R.C. 2711.02. An action for discovery is an auxiliary proceeding, separate from substantive claims referable to arbitration. See *Wheeler*, citing *Poulos v. Parker Sweeper Co.* (1989), 44 Ohio St.3d 124, 125, 541 N.E.2d 1031, fn. 2; *Kaufman* ("R.C. 2317.48 is not intended to resolve claims or controversies"). The purpose of R.C. 2317.48 is to allow a party who may have a cause of action to discover the grounds thereof before commencing an action. Id. Additionally, Civ.R. 34(D) acts as a safeguard against charges that a plaintiff filed a frivolous claim where the alleged wrongdoer or a third party has the ability to conceal facts that the plaintiff needs to determine the identity of the wrongdoer or exactly what wrong occurred. *Benner v. Walker Ambulance Co.* (1997), 118 Ohio App.3d 341, 344, 692 N.E.2d 1053. Contrary to appellees' position, we find that the purpose of Civ.R. 34(D) and R.C. 2317.48 is served regardless of the forum in which the plaintiff's substantive claim is ultimately determined.

{¶ 16} Appellees also assert other reasons that appellant is not entitled to discovery under either Civ.R. 34(D) or R.C. 2317.48, including that appellant's discovery requests represent a broad "fishing expedition," that document requests are not appropriate under R.C. 2317.48, and that Civ.R. 34(D) is inapplicable because appellant knows the identity of potential adverse parties. While appellees' additional arguments would be relevant to consideration of a motion to dismiss appellant's petition for discovery, pursuant to Civ.R. 12(B)(6), they are not relevant to our review of the trial court's decision and entry staying this matter pending arbitration. That decision involved only the trial court's necessary determination that the issues involved were referable to arbitration under a valid arbitration agreement. While appellees filed a motion to dismiss appellant's claims, the trial court did not rule on that motion, choosing instead to grant appellees' motion to stay. Because the trial court found that appellant was prohibited from filing an action for discovery until after initiating arbitration proceedings and first pursuing discovery therein, the court did not consider whether, based on appellant's specific petition and discovery requests, appellant was entitled to an order of pre-arbitration discovery, and we specifically decline

to address that issue in the first instance on appeal. Upon remand, the trial court may yet consider whether appellant's amended complaint states a claim under Civ.R. 34(D) and/or R.C. 2317.48 upon which relief can be granted.

{¶ 17} For all these reasons, we find that the trial court erred in staying appellant's action for discovery, and we sustain appellant's first assignment of error.

{¶ 18} In her second assignment of error, appellant contends that the trial court erred in staying her claim for spoliation of evidence because that claim is not referable to arbitration under either of the two arbitration provisions contained in the ICA. Appellant also notes that the trial court failed to explain why the spoliation of evidence claim should be stayed. We agree. The trial court's decision and entry makes clear that the court did not separately consider the applicability of R.C. 2711.02 to appellant's complaint for spoliation of evidence, as opposed to her discovery petition. Instead, the court considered only whether appellant was entitled to "bring this pre-litigation discovery action pursuant to R.C. § 2317.48 and Civ. R. 34(D)" and determined only that appellant's discovery action was "premature." The trial court made no determination as to whether appellant's spoliation-of-evidence claim involves an issue referable to arbitration under either of the ICA's arbitration provisions, and we decline to make that determination in the first instance. Accordingly, we sustain appellant's second assignment of error and remand this matter for the trial court to consider appellees' motion to stay and/or appellees' motion to dismiss appellant's spoliation-of-evidence claim.

{¶ 19} For the foregoing reasons, we sustain appellants' two assignments of error and reverse the trial court's judgment, and we remand this matter to the trial court for further proceedings consistent with this opinion and applicable law.

Judgment reversed
and cause remanded.

BRYANT and GREY, JJ., concur.

GREY, J., retired, of the Fourth Appellate District, sitting by assignment.