[Cite as *Bright Future Partners, Inc. v. Proctor & Gamble Distrib., L.L.C.*, 2017-Ohio-4145.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BRIGHT FUTURE PARTNERS, INC., | : | APPEAL NO. C-160589 |
| | | TRIAL NO. A-1601857 |
| and | : | |
| | | |
| ANNE CHAMBERS, | : | *O P I N I O N.* |
| | | |
| Plaintiffs-Appellees, | : | |
| | | |
| vs. | : | |
| | | |
| THE PROCTOR & GAMBLE | : | |
| DISTRIBUTING, LLC., | | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: June 7, 2017

*Eberly, McMahon, Copetas, LLC,* and *David A. Eberly*, for Plaintiffs-Appellees,

*Faruki, Ireland, & Cox, PLL,* and *D. Jeffrey Ireland*, for Defendant-Appellant.

**MILLER, Judge**.

{¶1}    Bright Future Partners, Inc., ("Bright Future") and Anne Chambers filed a complaint for discovery against The Proctor & Gamble Distributing, LLC, ("P&G"), citing R.C. 2317.48 and Civ.R. 34(D).   The complaint included 15 requests for production of documents from P&G, allegedly necessary because Bright Future and Chambers had "causes of actions against P&G that include, but are not limited to, breaches of contract * * * ."   The contract at issue involved the sale of a product line from P&G to Bright Future.   Chambers had signed the contract as president of Bright Future, but not in her individual capacity. Chambers nonetheless sued for discovery in her individual capacity as a purported "third party beneficiary" of the contract.

{¶2}    The contract included a dispute resolution clause.  It required the parties to first enter into good faith negotiations regarding any dispute arising out of the contract, and, if negotiations failed, to proceed to arbitration.  It also required the parties to first negotiate and then arbitrate "any issue as to whether a claim is arbitrable."  The dispute resolution provisions stated that the parties were not entitled to any discovery during negotiations and that if the dispute proceeded to arbitration, there would "be no discovery, except as the arbitrator will permit following a determination by the arbitrator that the person seeking such discovery has a substantial, demonstrable need."

{¶3}    P&G moved to dismiss the complaint under Civ.R. 12(B)(6) on the ground that Bright Future and Chambers had failed to plead a claim under either R.C. 2317.48 or Civ.R. 34(D). In the alternative, P&G asked the court to stay the proceedings pending arbitration.  The trial court denied P&G's motion, and later issued an order entitled "entry regarding timing of responses to plaintiff's [sic] discovery requests." The entry directed P&G to respond to Bright Future and

Chambers's requests for production of documents by June 18, 2016. This appeal followed.

## No Final Order on Merits of the Discovery Action

{¶4} In its first and second assignments of error, P&G contends, respectively, that the trial court erred when it denied its Civ.R. 12(B)(6) motion to dismiss and also erred when it issued its "entry regarding timing of responses to plaintiff's [sic] discovery requests." Because neither order is a final order, we are without jurisdiction to review these arguments.

{¶5} This court has "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." Article IV, Section 3(B)(2), Ohio Constitution. A final order is one that meets the requirements of R.C. 2505.02, and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. If Bright Future and Chambers's cause of action is a "special proceeding," then R.C. 2505.02(B)(2) applies. R.C. 2505.02(B)(1) applies if it is not. A special proceeding is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶6} To determine what division of R.C. 2505.02 to apply, we must examine "the actual nature or subject matter" of Bright Future and Chambers's complaint, and not merely the form in which the action is pleaded. *See Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1289 (1984). Bright Future and Chambers cited R.C. 2317.48 and Civ.R. 34(D) in their complaint. Both allow for an action for prelitigation discovery. However, it is well-settled that an action for discovery under R.C. 2317.48 "is limited solely to interrogatories specifically concerning the facts

3

necessary to the complaint or answer and are to be submitted only to the potentially adverse party to the contemplated lawsuit." *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 541 N.E.2d 1031 (1989), syllabus.[1]  In contrast, Civ.R. 34(D) allows, among other things, a party to request the production of documents.

{¶7}   Here, Bright Future and Chambers sought only the production of documents from P&G, which is permissible under Civ.R. 34(D) but not under R.C. 2317.48.  We therefore find, without passing on the propriety of Bright Future and Chambers's requests under Civ.R. 34(D), that the complaint at issue is one seeking discovery under Civ.R. 34(D) only.

{¶8}   Having determined the actual nature and subject matter of Bright Future and Chambers's complaint, we turn to our R.C. 2505.02 analysis.  Because Civ.R. 34(D) is not a statute, this appeal is not taken from a "special proceeding." *See* R.C. 2505.02(A)(2).  Thus, R.C. 2505.02(B)(1) applies in this case.

{¶9}   R.C. 2505.02(B)(1) states that an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."  P&G's motion to dismiss tested the sufficiency of the complaint; it did not determine the action and prevent a judgment in P&G's favor.  It was not a final order. *See Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993) (holding that the denial of a motion to dismiss is generally not a final order). We therefore are without jurisdiction to review the trial court's judgment denying this motion under the first assignment of error.

---

[1] Bright Future and Chambers suggest that *Poulos* is not good law. In support, they cite *Benner v. Walker Ambulance Co.*, 118 Ohio App.3d 341, 692 N.E.2d 1053 (6th Dist.1997), a Sixth Appellate District case holding that where Civ.R. 34(D) and R.C. 2317.48 conflict on procedural matters, Civ.R. 34(D) prevails. Even if an appellate district court could overrule Ohio Supreme Court precedent, *Benner* does not purport to do so.

{¶10} Likewise, we are without jurisdiction to review the court's "entry regarding timing of responses to plaintiff's [sic] discovery requests." P&G characterizes this entry as one compelling production of the requested documents. Bright Future and Chambers persuasively argue that it did not. It simply set a deadline for P&G to respond to Bright Future and Chambers's requests for production of documents. Discovery had yet to proceed as set forth in Civ.R. 34(D), which provides that prelitigation discovery is subject to Civ.R. 26(B) and 45(F). These rules govern the scope of discovery. Consequently, after the trial court issued its "entry regarding timing of responses to plaintiff's [sic] discovery requests," P&G still had the opportunity to object to the requests, which the trial court would be required to rule on if Bright Future and Chambers were not satisfied with the objection. *See Wheeler v. Girvin*, 1st Dist. Hamilton No. C-980302, 1999 WL 193431, \*5 (Apr. 9, 1999) (holding that once a trial court has granted a discovery-only action, "discovery should proceed according to the civil rules, and the trial court enjoys broad discretion to decide if matters are privileged or are otherwise proper subjects for discovery."). Absent an order compelling discovery, there is no final order.

{¶11}   Because P&G was under no obligation to turn over any documents when it appealed, the trial court's entry, akin to a scheduling order, did not determine the discovery action or prevent a judgment in P&G's favor. It was therefore not a final order, and we are without jurisdiction to review P&G's second assignment of error.

## Motion to Stay Pending Arbitration

{¶12}   P&G's third assignment of error contends that the trial court erred in denying the motion to stay the proceedings pending arbitration. We note that the trial court's order in this respect is a final order. R.C. 2711.02(C) provides that "an order under division (B) of this section that grants or denies a stay of a trial of any action

pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶13} At issue here, R.C. 2711.02(B) states

If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

P&G contends that the issue of whether Bright Future and Chambers are entitled to prelitigation discovery must be submitted to arbitration per the dispute resolution clause in the parties' contract. In response, Bright Future and Chambers argue that discovery disputes, in general, fall outside the scope of arbitration.

{¶14} Whether a controversy is arbitrable under a contract requires the court to invoke principles of contract interpretation, and presents a question of law that we review de novo. *Rippe & Kingston Co., PSC v. Kruse*, 1st Dist. Hamilton No. C-130587, 2014-Ohio-2428, ¶ 20.

{¶15} Bright Future and Chambers argue that, as a general rule, discovery-only claims fall outside the scope of arbitration. In support, they cite *White v. Equity, Inc.*, 178 Ohio App.3d 604, 2008-Ohio-5226, 899 N.E.2d 205 (10th Dist.), and *Bartok v. Merrill Lynch*, 9th Dist. Summit No. 14500, 1990 WL 116974 (Aug. 8, 1990).

6

**{¶16}** In *White*, appellant had filed a complaint for prelitigation discovery and the trial court had stayed the complaint pending arbitration. On appeal, appellant argued that the stay should not have been granted. The arbitration agreement in *White* required that the appellant and appellees arbitrate the merits of any claim arising from the parties' contract. *White* at ¶ 12. The court held that because a discovery-only action was an auxiliary proceeding and not one concerning the merits of a claim arising out of the parties' contract, appellant's "discovery-only" cause of action fell outside of the scope of the arbitration agreement. *Id.* at ¶ 12, 15. It therefore held that the stay should not have been granted. *Id.* at 17. The court acknowledged that, if the issue of prelitigation discovery had been a matter referable to arbitration under the parties' agreement, then the trial court's judgment staying the proceedings would have been correct. *Id.* at ¶ 9. The court did not rule, as argued by Bright Future and Chambers, that all discovery-only actions fall outside the scope of arbitration.

**{¶17}** *Bartok* involved a discovery proceeding under R.C. 2317.48. The court held that the appellee's action could proceed despite the existence of an arbitration clause in the parties' underlying agreement. *Bartok* at *2. The court did not create a blanket rule that discovery actions were not subject to arbitration. In its analysis, the *Bartok* court cited no language from the parties' arbitration agreement. *Bartok's* relevance to this case is therefore negligible because it is impossible to determine if *Bartok* and this case involved similar arbitration provisions.

**{¶18}** In addition to the reasons stated, we further find *Bartok* to be unpersuasive because of the public policy in Ohio that heavily favors the resolution of disputes through arbitration. *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d 276, 2007-Ohio-1947, 865 N.E.2d 18, ¶ 18.

{¶19} Here, the contract at issue has a dispute resolution clause that requires the parties to first enter into good faith negotiations regarding any dispute arising out of the contract, and, if negotiations fail, to proceed to arbitration. It also requires that the parties first negotiate and then arbitrate "any issue as to whether a claim is arbitrable." Finally, the dispute resolution provisions state that the parties are not entitled to any discovery during negotiations and that if the dispute proceeded to arbitration, there would "be no discovery, except as the arbitrator will permit following a determination by the arbitrator that the person seeking such discovery has a substantial, demonstrable need."

{¶20} Bright Future and Chambers claim that P&G may have breached its contract with Bright Future, and that discovery is necessary to determine if this is the case. According to the plain language of the underlying contract, the discovery complaint arises out of a potential breach of the contract, and the dispute resolution clause in the contract is triggered. *See Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 544 N.E.2d 920 (1989), syllabus (courts will not give a contract a construction other than that which the plain language of the contract provides). At a minimum, because the parties must first negotiate and then arbitrate "any issue as to whether a claim is arbitrable," the parties were required to negotiate then arbitrate whether the "discovery-only" claim is subject to arbitration. The dispute resolution provisions also clearly require the parties to negotiate and then arbitrate the potential breach-of-contract claim. During arbitration, any discovery disputes are to be resolved by the arbitrator. Of particular significance is the fact that the dispute resolution clause explicitly states that there will be no discovery allowed during the negotiation phase, meaning pre-arbitration. The complaint for discovery is an attempt to circumvent what

8

the parties clearly bargained for, i.e., to have discovery in a potential breach-of-contract claim conducted in arbitration.

{¶21} Given the plain language of the dispute resolution clause, we hold that the trial court erred by denying P&G's motion to stay the proceedings pending arbitration.

{¶22} Bright Future and Chambers also claim that the trial court's judgment should be affirmed as to Chambers because she was not a party to the contract, and as a third-party beneficiary only, she is not bound by the contract's dispute resolution provisions. Assuming *arguendo* that Chambers is not bound by the arbitration provisions, "[o]nce a court determines an issue in the proceeding is covered by a written arbitration agreement, even claims involving nonsignatories to the arbitration agreement will be stayed under R.C. 2711.02(B)." *Jarvis v. Lehr*, 1st Dist. Hamilton No. C-130832, 2014-Ohio-3567, ¶ 11. Further, allowing a plaintiff to avoid an arbitration agreement by naming a signatory agent in her individual capacity would severely undermine the policy in Ohio that heavily favors the resolution of disputes through arbitration. *Genaw v. Lieb*, 2d Dist. Montgomery No. Civ.A. 20593, 2005-Ohio-807, ¶ 24.

{¶23} We therefore sustain P&G's third assignment of error.

## Conclusion

{¶24} In sum, we are without jurisdiction to review P&G's first or second assignments of error because neither involves a final order. Therefore that portion of P&G's appeal taken from the trial court's denial of its Civ.R. 12(B)(6) motion, and from the court's "entry regarding timing of plaintiff's [sic] discovery requests" is hereby dismissed. We reverse the trial court's judgment denying P&G's motion to stay the proceedings pending arbitration.

**{¶25}** This matter is remanded for the trial court to enter an order staying the proceedings pursuant to R.C. 2711.02(B).

Appeal dismissed in part, judgment reversed in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **DETERS J.,** concur.

Please note:

The court has recorded its own entry this date.