[Cite as *A.B.C. Home Care v. Molina Healthcare*, 2018-Ohio-2370.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

ABC Home Care and
Nursing Services, Inc.,

       Plaintiff-Appellant,

v.

Molina Healthcare of Ohio, Inc.,

       Defendant-Appellee.

:

:

:

:

:

:

:

:

No. 17AP-582
(C.P.C. No. 17CV-1593)

(REGULAR CALENDAR)

## D E C I S I O N

### Rendered on June 19, 2018

**On brief:** *Torres Law LLC,* and *Dustin G. Torres,* for appellant. **Argued:** *Dustin G. Torres.*

**On brief:** *Perez & Morris LLC*, *Juan Jose Perez* and *Kevin L. Murch*, for appellee. **Argued:** *Kevin L. Murch.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, ABC Home Care and Nursing Services, Inc. ("ABC Home Care") appeals from the July 24, 2018 entry of the trial court finding that ABC Home Care's claims are subject to mandatory arbitration, and staying this lawsuit pending the arbitration. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} According to the complaint, ABC Home Care is a home care agency providing nursing care, physical therapy, occupational therapy, speech pathology, and home health aide services to patients in Ohio. Defendant-appellee, Molina Healthcare of Ohio, Inc.

("Molina") is a provider of health insurance plans in Ohio, and is a part of the Molina network of health plan providers serving approximately one million members in California, Michigan, New Mexico, Ohio, Texas, Utah, and Washington.

{¶ 3} Molina and ABC Home Care entered into an Ancillary Services Agreement ("ASA") in 2008[1] that made ABC Home Care a participating provider for Molina's members in the categories of "Covered Families and Children, Aged, Blind and Disabled, and Medicare."

{¶ 4} The ASA contained the following arbitration provision:

> **Arbitration.** Any claim or controversy arising out of or in connection with this Agreement shall be resolved, to the extent possible, within forty-five (45) days through informal meetings and discussions between appropriate representatives of the parties. Any remaining claim or controversy shall be resolved through binding arbitration conducted in accordance with the American Arbitration Association (hereinafter "AAA") Commercial Arbitration Rules, then in effect, in Columbus, OH; provided, however, matters that primarily involve Provider's professional competence or conduct shall not be eligible for arbitration. If possible, the arbitrator shall be an attorney with at least fifteen (15) years' experience, including at least five (5) in managed health care. The parties shall conduct a mandatory settlement conference at the initiation of arbitration, to be administered by AAA. The arbitrator shall have no authority to award damages or provide a remedy that would not be available to such prevailing party in a court of law or award punitive damages. Each party shall bear its own costs and expenses, including its own attorneys' fees, and shall bear an equal share of the arbitrator's and administrative fees. The parties agree to accept any decision by the arbitrator as a final determination of the matter in dispute, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction. Arbitration must be initiated within one year of the earlier of the date the claim or controversy arose, was discovered, or should have been discovered with reasonable diligence; otherwise it shall be deemed waived. The use of binding arbitration shall not preclude a request for equitable and injunctive relief made to a court of appropriate jurisdiction.

---

[1] The complaint states the agreement was entered into in 2008, but ABC Home Care's brief states it was in 2012. (Appellant's Brief at 10.) Molina states the agreement was entered into in 2012.

(Compl., Ex. A at ¶ 5.8.) A dispute arose between the parties in 2015 over Molina's denial of a request for a large hospital bed and twice daily nursing care for a patient who weighed approximately 600 lbs. Eventually, ABC Home Care contacted the Ohio Department of Insurance and the Ohio Department of Medicaid regarding the situation, and Molina was ultimately reprimanded.

{¶ 5} Shortly thereafter, Molina exercised Section 4.5(g) of the ASA and sent ABC Home Care a written notice of termination of ABC Home Care's participation in the Molina healthcare network for the stated reason that ABC Home Care "has provided poor quality of care and service to Molina members." (Compl., Ex. B at ¶ 23.)

{¶ 6} ABC Home Care alleged that following the termination of the ASA, Molina made false statements and disparaged ABC Home Care's name, reputation, and goodwill to ABC Home Care's active clients and third parties in retaliation for ABC Home Care being a whistleblower.

{¶ 7} ABC Home Care claimed that Molina "essentially blacklist[ed]" ABC Home Care from being able to provide care to any patient affiliated with Molina and refused to allow ABC Home Care to be a non-participating provider because Molina terminated the ASA under the allegedly false reason that ABC Home Care provided poor quality of care.

{¶ 8} On February 13, 2017, ABC Home Care filed a complaint in the common pleas court setting forth claims for defamation, tortious interference with a contract and/or business relationship, and breach of contract. The defamation claim was based on allegations that Molina made false and defamatory statements to ABC Home Care clients and third parties after the termination of the ASA. The tortious interference claim had to do with Molina allegedly making those disparaging and false statements to clients of ABC Home Care to induce the clients to terminate their business relationships with ABC Home Care. The breach of contract claim involved underpayment for care that ABC Home Care provided as a non-participating provider after the termination of the ASA. ABC Home Care also included a claim for punitive damages.

{¶ 9} On March 30, 2017, Molina filed a motion to stay the action pending arbitration on the grounds that all of ABC Home Care's claims relate to and arise out of the

ASA which contains an arbitration provision. After briefing by the parties, the trial court granted the motion to stay the action pending arbitration on July 24, 2017.

{¶ 10} This appeal followed with ABC Home Care setting forth seven assignments of error.

## II. ASSIGNMENTS OF ERROR

[I.] THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S CLAIMS ARE SUBJECT TO MANDATORY ARBITRATION, AND THAT THE MATTER IS PROPERLY STAYED PENDING ARBITRATION PURSUANT TO R.C. § 2711.02.

[II.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IGNORING THAT APPELLEE PROPERLY TERMINATED ITS ENTIRE PRIOR AGREEMENT WITH APPELLANT, INCLUDING THE ARBITRATION CLAUSE IN QUESTION.

[III.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IGNORING THAT FOLLOWING TERMINATION OF THE ARBITRATION CLAUSE, THE PARTIES NEVER ENTERED INTO A NEW WRITTEN AGREEMENT TO ARBITRATE.

[IV.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IGNORING THAT APPELLANT'S CLAIMS DID NOT ARISE OUT OF THE AGREEMENT, THAT APPELLANT'S CLAIMS AROSE AFTER TERMINATION OF THE AGREEMENT, AND THAT APPELLANT'S CLAIMS AROSE FROM ACTS OF THE APPELLEE.

[V.] THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S CLAIMS ARE SUBJECT TO MANDATORY ARBITRATION, BECAUSE SUCH A BROAD ARBITRATION CLAUSE WOULD MAKE IT UNCONSCIONABLE.

[VI.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO FIND THE ARBITRATION CLAUSE TO BE SUBSTANTIVELY AND PROCEDURALLY UNCONSCIONABLE TO APPELLANT.

[VII.] THE TRIAL COURT ERRED IN FINDING THE APPELLANT'S CLAIMS SUBJECT TO ARBITRATION, WHEN SUCH A BROAD INTERPRETATION OF THE

ARBITRATION CLAUSE WOULD BE AGAINST PUBLIC POLICY.

## III. STANDARD OF REVIEW

{¶ 11} The trial court stayed the action pursuant to R.C. 2711.02(B), which provides, in relevant part, as follows:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶ 12} In general, appellate courts review a trial court's decision to stay proceedings pending arbitration under an abuse of discretion standard. *White v. Equity, Inc.*, 178 Ohio App.3d 604, 2008-Ohio-5226, ¶ 7 (10th Dist.) For issues of law, however, a de novo standard of review is proper. *Id.*

## IV. ANALYSIS

{¶ 13} For ease of discussion, we elect to address the assignments of error out of order.

### A. Did the Arbitration Clause Survive the Termination of the ASA?

{¶ 14} In its second and third assignments of error, ABC Home Care contends that the arbitration clause terminated at the same time Molina terminated the ASA on February 26, 2016, and the clause did not survive the termination of the agreement.[2] In addition, ABC Home Care argues that, even though the parties entered into a new agreement to provide non-participating services, they never entered into a new, written agreement to arbitrate.

{¶ 15} In *Colegrove v. Handler*, 34 Ohio App.3d 142, 145 (10th Dist.1986), the defendant terminated the contract before attempting to enforce the arbitration provision. The plaintiff argued that the termination of the contract before seeking to invoke the

---

[2] The notice of termination is dated February 26, 2015, but this appears to be a typographical error.

arbitration provision waived the right to demand arbitration. The court disagreed, stating: "There is no reason, absent a specific contractual provision, to restrict arbitrability to disputes that arise under the contract to situations where the demand for arbitration precedes the termination of the contract." *Id.* Similarly, in *K.M.P., Inc. v. Ohio Historical Society*, 4th Dist. No. 03CA2, 2003-Ohio-4443, ¶ 19, the court found that a party who terminated the contract before seeking to enforce the arbitration provision did not waive the right to arbitrate in light of the strong public policy favoring arbitration.

{¶ 16} Based on this precedent, we find that the law favors arbitration and we cannot infer a waiver of the right to arbitrate based solely on the fact that Molina terminated the ASA before it filed its motion to stay pending arbitration.

{¶ 17} The second and third assignments of error are overruled.

### B. Do the Claims Arise Out of the ASA?

{¶ 18} Having determined that the arbitration provision survived the termination of the ASA, we now turn to the overarching issue in this case. In the first and fourth assignments of error, we must consider whether the contract claim and the tort claims arise from the ASA and are therefore subject to arbitration.

{¶ 19} ABC Home Care asserts that all of its claims arose after the termination of the ASA, and that the provisions of the ASA do not afford any reasonable expectation that after the agreement was terminated, Molina could proceed to commit unrelated torts against ABC Home Care and that those torts would somehow still be subject to arbitration.

{¶ 20} Molina argues that the breach of contract claim arises out of the ASA and that the tort claims center around Molina's termination of the ASA. Therefore, Molina contends that all of the alleged conduct related to its termination of the ASA.

{¶ 21} To determine whether the claims asserted in a complaint fall within the scope of the arbitration clause, the court must classify the particular clause as either broad or narrow. *Acad. Of Med. v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 18. "An arbitration clause that contains the phrase 'any claim or controversy arising out of or relating to the agreement' is considered 'the paradigm of a broad clause.' " *Id.*, quoting *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir.1995).

{¶ 22} In this case, the arbitration clause in the ASA broadly subjects "[a]ny claim or controversy arising out of or in connection with this Agreement" to resolution "through binding arbitration." (Compl., Ex. A at 11.)

{¶ 23} "A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471 (1998). In Ohio, four principles guide determinations of arbitrability. *Acad. of Med. at* ¶ 10. First, arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Second, arbitrability is an issue for judicial determination. Third, in deciding whether the parties have agreed to submit a particular grievance to arbitration, the court is not to rule on the potential merits of the underlying claims. Fourth, where a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

{¶ 24} When a contract contains an arbitration clause, alleged torts that arise from the contract are also subject to arbitration "if the allegations underlying the claims 'touch matters' covered by the [agreement]." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir.2003), quoting *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 846 (2d Cir.1987). In determining whether a particular claim falls within the scope of the parties' arbitration agreement, the court is to focus on the factual allegations in the complaint rather than the legal causes of action asserted. *Id.* "A proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Id.*, citing *Ford v. Nylcare Health Plans*, 141 F.3d 243, 250-51 (5th Cir.1998).

{¶ 25} With respect to the breach of contract claim, ABC Home Care alleges that following the termination of the ASA, ABC Home Care was authorized to continue to provide care and services as a non-participating provider for a limited time to three patients. ABC Home Care billed Molina for those services at its normal rate as a non-contracted, non-participating provider. According to the complaint, Molina paid a portion of the amount owed, but it failed to pay the total amount invoiced for services and care.

{¶ 26} Molina argues this was not a new contract, but a continuation of the ASA for a limited period of time even though Molina had terminated the ASA.

{¶ 27} The breach of contract claim does not appear to implicate the ASA. Rather, it arises as a result of a billing dispute over non-participating services for the months of March, April, and May 2016, a period after the termination of the ASA. This claim does not appear to be so interwoven with the ASA that it could not stand alone. The claim appears to be one that can be resolved without reference to the ASA. Accordingly, we conclude that the breach of contract claim is not subject to arbitration.

{¶ 28} The tort claims also allegedly arose after the termination of the ASA, but those claims cannot be maintained without reference to the ASA. The tortious interference claim is based on the allegation that Molina essentially blacklisted ABC Home Care from being able to provide care to any patient affiliated with Molina because Molina terminated the ASA under the allegedly false reason that ABC Home Care provided poor quality of care. ABC Home Care has alleged that Molina's refusal to allow ABC Home Care to be a non-participating provider was in retaliation for a whistleblower complaint filed by ABC Home Care with the Ohio Department of Medicaid and the Ohio Department of Insurance.

{¶ 29} The allegedly false and pretextual reasons for terminating the ASA also underlie the defamation claim. ABC Home Care alleged that Molina terminated the ASA and made false statements to third parties in retaliation for ABC Home Care being a whistleblower and filing the complaint about a patient. The punitive damages claim is also based on the allegedly malicious false statements in retaliation for ABC Home Care filing the complaint against Molina. The tort claims cannot be resolved without reference to the ASA and the allegedly false reason for the termination of the ASA. These claims therefore arise from the ASA and are subject to arbitration.

{¶ 30} When an action has claims that are both arbitrable and non-arbitrable, it is appropriate to stay the entire action until the issues subject to arbitration are resolved. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 14 (10th Dist.); *Cheney v. Sears, Roebuck & Co.*, 10th Dist. No. 04AP-1354, 2005-Ohio-3283, ¶ 12.

{¶ 31} The first and fourth assignments of error are therefore sustained in part with respect to the breach of contract claim, but overruled with respect to the tortious interference and defamation claims.

## C. Unconscionability and Public Policy

{¶ 32} In its fifth, sixth, and seventh assignments of error, ABC Home Care argues that to enforce the arbitration clause is so unjust and one-sided as to make it unconscionable and against public policy. ABC Home Care argues the arbitration provision unconscionably reduces the time period within which one can initiate arbitration proceedings, unreasonably restricts the type and amount of damages, and excludes matters that involve a provider's professional competence or conduct from arbitration. In addition, ABC Home Care argues the provision is against public policy as it subjects parties to arbitration of claims that arise after the termination of the ASA.

{¶ 33} We have already addressed the issue of the survivability of the arbitration clause after the termination of the ASA in connection with assignments of error two and three. With respect to the allegedly unconscionable provisions such as a one-year statute of limitations, no punitive damages, and exclusion of some claims from arbitration, ABC Home Care failed to raise any of these arguments before the trial court. A party who fails to raise an argument in the trial court if that issue was in existence at the time waives the right to raise it on appeal. *Greenberg v. Heyman-Silbiger*, 10th Dist. No. 16AP-283, 2017-Ohio-515, ¶ 50.

{¶ 34} In order to establish that the arbitration provision is unconscionable, ABC Home Care must prove an absence of meaningful choice (procedural unconscionability) together with terms that are unreasonably favorable to the other party (substantive unconscionability). *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 20. Moreover, the party challenging the enforceability of the arbitration agreement bears the burden to come forward with evidence to support the challenge.

{¶ 35} Here, there is no evidence in the record demonstrating unequal bargaining power between the home care agency and the health plan provider, two commercial entities. In *Hayes*, the Supreme Court of Ohio held that an arbitration agreement voluntarily executed by a 95-year-old nursing home resident with a nursing home upon her admission was not procedurally unconscionable by virtue of her age and was not substantively unconscionable because it waived the right to trial and the right to seek punitive damages and attorney fees.

{¶ 36} The fifth, sixth, and seventh assignments of error are overruled.

## V. CONCLUSION

{¶ 37} Based on the foregoing, we sustain in part and overrule in part assignments of error one and four to the extent that the contract claim is non-arbitrable, and we overrule assignments of error two, three, five, six, and seven. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and we remand the matter with instructions for the trial court to stay further proceedings pending the disposition of the arbitrable claims.

*Judgment affirmed in part and reversed in part; case remanded for further proceedings.*

BRUNNER and HORTON, JJ., concur.