[Cite as *Bay Emm Vay Store, Inc. v. BMW Fin. Serv. NA, L.L.C.*, 2018-Ohio-2736.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Bay Emm Vay Store, Inc., | : | |
| Petitioner-Appellant, | : | |
| | : | No. 17AP-786 |
| v. | : | (C.P.C. No. 17CV-8322) |
| BMW Financial Services NA, L.L.C., | : | (REGULAR CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on July 12, 2018

**On brief:** *Rittgers & Rittgers, Konrad Kircher,* and *Ryan J. McGraw,* for appellant. **Argued:** *Konrad Kircher.*

**On brief:** *Thompson Hine LLP,* and *Terry W. Posey, Jr.,* for appellee. **Argued:** *Terry W. Posey, Jr.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Petitioner-appellant, The Bay Emm Vay Store, Inc., appeals from the decision of the Franklin County Court of Common Pleas denying its petition for pre-suit discovery under Civ.R. 34(D), in which appellant sought the production of documents from respondent-appellee, BMW Financial Services NA, L.L.C. For the reasons set forth below, the decision of the trial court is affirmed.

{¶ 2} On September 14, 2017, appellant filed a petition with the trial court bearing the caption "Petition for Pre-Suit Discovery Pursuant to Civ.R. 34(D) and R.C. 2317.48." The petition alleged that appellant was a BMW and Mini automobile dealership in Cincinnati, Ohio, and that appellee was a division of BMW that maintained databases containing "confidential and proprietary" information of dealerships. According to appellant, two of its salespersons, Ed Besl and Chris Lykins, suddenly resigned and went to

work for a competing dealership, BMW of Cincinnati North, in August 2016. Appellant alleged that Besl and Lykins "accessed and exploited the confidential and proprietary data base" of appellant that appellee maintained with the purpose of "divert[ing]" appellant's customers to them. (Petition at 2.) Appellant stated that it was considering bringing suit against Besl, Lykins, and BMW of Cincinnati North, but that it could not do so because appellee had refused to provide it with certain information. Thus, appellant requested that the trial court grant its request to order appellee to produce any documents in its possession showing that Besl or Lykins had accessed or printed portions of appellant's database between June 1, and August 24, 2016.

{¶ 3}   The trial court denied the motion on October 25, 2017. The trial court noted that actions under R.C. 2317.48 were limited to answers to interrogatories, and that appellant had requested an order for the production of documents.[1] The trial court also determined that, because appellant was already aware of the identity of the persons that it intended to sue, the request fell outside the scope of Civ.R. 34(D). Accordingly, the trial court denied the petition and dismissed the case.

{¶ 4}   Appellant now appeals and asserts the following assignment of error:

> The Court erred in dismissing the Petition, as Civ.R. 34(D) permits pre-suit discovery to determine whether a cause of action exists.

{¶ 5}   Before reaching appellant's assignment of error, we must address the issue of this court's jurisdiction as appellee contends that the trial court's dismissal did not result in a final appealable order.

{¶ 6}   Under Article IV, Section 3(B)(2) of the Ohio Constitution, courts of appeal "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders" from the courts of common pleas. To qualify as a final order that invokes the jurisdiction of an appellate court, an order must satisfy one of the definitions set forth under R.C. 2505.02. Under R.C. 2505.02(B)(1), a final order may be "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

---

[1] Appellant has not appealed the trial court's ruling that it was not entitled to discovery under R.C. 2317.48.

{¶ 7} We have previously held that an order *granting* a petition for discovery under Civ.R. 34(D) satisfies the R.C. 2505.02(B)(1) definition, and is therefore a final appealable order. *Kenneth's Hair Salons & Day Spas, Inc. v. Braun*, 10th Dist. No. 17AP-816, 2018-Ohio-186, ¶ 21; *Lieberman v. Screen Machine Advertising Specialties & Screen Print Design*, 10th Dist. No. 96APE05-665 (Feb. 4, 1997). In *Lieberman*, we considered the granting of a Civ.R. 34(D) petition to affect a substantial right, reasoning as follows:

> The trial court's order granting the petition for pre-complaint discovery compels respondents to disclose private information to petitioner. While it is true that the discovery rules generally require that the right to be free from the unwanted disclosure of private information yield where such information is necessary to another's lawsuit, the right to non-disclosure is nonetheless a legal right enforced and protected by law. Consequently, the trial court's order compelling disclosure of private information affects a substantial right.

*Id.* at 8.

{¶ 8} This case raises the converse question: does an order *denying* a Civ.R. 34(D) petition for discovery affect "a substantial right in an action that in effect determines the action and prevents a judgment," thereby complying with the definition of a final appealable order under R.C. 2505.02(B)(1)? The reasoning in *Lieberman* touches on two substantial rights: one party's right to access to another party's information, as granted by the rules of discovery, as well as the responding party's right to non-disclosure of that information. While the rights are in opposition to one another and by definition conflict, they are both substantial nevertheless.

{¶ 9} Furthermore, an order denying a Civ.R. 34(D) request for the production of documents is determinative of the limited action for discovery allowed by the rule. In *Lieberman*, we stated: "The grant of the petition compelled respondents to provide the requested discovery. With that, petitioner had obtained all he had asked for and respondents had no opportunity for a favorable judgment." *Id.* at 8-9. The assumption underlying this statement is that the denial of a Civ.R. 34(D) petition creates a favorable judgment for the respondent and an unfavorable one for a petitioner such as appellant. Adopting this reasoning, we hold that an order denying a petition for discovery is a final appealable order under R.C. 2505.02(B)(1).

{¶ 10} Appellee argues that neither of the definitions of a final order under R.C. 2505.02(B)(2) or 2505.02(B)(4) applies to the trial court's order, but does not address the R.C. 2505.02(B)(1) definition or the application of that definition to a trial court's Civ.R. 34(D) ruling under our holdings in *Kenneth's Hair Salons* or *Lieberman*. We agree that the definition under R.C. 2505.02(B)(2) does not apply because it only applies to a "special proceeding," which, under R.C. 2505.02(A)(2), must be "specially created by statute." Appellee also argues that R.C. 2505.02(B)(4) only applies to a "provisional remedy," which is a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." (Appellee's brief at 3-4); R.C. 2505.02(A)(3). According to appellee, each of these examples only "occur[s] during a pending action," and under Civ.R. 3(A), a civil action may only be commenced by the filing of a complaint. (Appellee's brief at 4.) Although we have not applied the R.C. 2505.02(B)(4) definition of final order, we note that the examples in the statutory definition of provisional remedy are "not limited to" those provided. Furthermore, all of the definitions in the final order statute, R.C. 2505.02, use the phrase "an action," a broader term than "civil action" under Civ.R. 3(A). *See White v. Equity, Inc.*, 178 Ohio App.3d 604, 2008-Ohio-5226, ¶ 12 (10th Dist.) (describing a Civ.R.34(D) petition filed before arbitration as "an auxiliary action"). Thus, we disagree with appellee's contention that any of the definitions of final order under R.C. 2505.02, including the one we apply in this case under R.C. 2505.02(B)(1), are limited to civil actions filed under Civ.R. 3(A).

{¶ 11} Having resolved the question of our jurisdiction over this appeal, we turn to appellant's contention that the trial court erred by denying its petition for discovery under Civ.R. 34(D). We apply an abuse of discretion standard to review a trial court's discovery rulings. *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶ 9.

{¶ 12} Under Civ.R. 34(D), "a person who claims to have a potential cause of action may file a petition to obtain discovery" before filing a lawsuit. In order to issue an order authorizing the petitioner to obtain the requested discovery, the trial court must find all of the following:

> (a) The discovery is necessary to ascertain the identity of a potential adverse party;

> (b) The petitioner is otherwise unable to bring the contemplated action;
>
> (c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.

Civ.R. 34(D)(3).

{¶ 13} Here, the trial court denied the petition because appellant did not need to ascertain the identity of any adverse party. The trial court did not err in this ruling. As the rule states, "all" of the listed requirements must be met in order for the trial court to issue the discovery ruling. Civ.R. 34(D)(3). The necessity of identifying an adverse party is the first requirement and appellant concedes that it already knows who to sue. Thus, under the plain language of the rule, appellant is not entitled to an order of pre-suit discovery.

{¶ 14} Appellant argues that it is still entitled to discovery under Civ.R. 34(D), citing *White v. Equity, Inc.*, 178 Ohio App.3d 604, 2008-Ohio-5226, ¶ 15 (10th Dist.). In *White,* a petitioner filed requests for discovery under R.C. 2317.48 and Civ.R. 34(D) before initiating arbitration proceedings, hoping to discover facts relevant to the claims she was going to pursue in arbitration. We held that it was error for the trial court to issue the stay without determining whether the petitioner's discovery requests were subject to arbitration and remanded the matter to the trial court. *Id.* at 611-12. We "specifically decline[d]" to address the merits of the Civ.R. 34(D) petition and the respondents' arguments against granting it, including their argument that the rule was "inapplicable because appellant [knew] the identity of potential adverse parties." *Id.* at 611.

{¶ 15} Appellant cites our observation in *White* that "Civ.R. 34(D) acts as a safeguard against charges that a plaintiff filed a frivolous claim where the alleged wrongdoer or a third party has the ability to conceal facts that the plaintiff needs to determine the identity of the wrongdoer or exactly what wrong occurred." *Id.*, citing *Benner v. Walker Ambulance Co.*, 118 Ohio App.3d 341 (6th Dist.1997). Appellant emphasizes the phrase "or exactly what wrong occurred," arguing that it authorizes pre-litigation discovery to pursue facts showing whether a party has a viable cause of action at all. (Appellant's brief at 22-23.)

{¶ 16} Our inclusion of the phrase "or exactly what wrong occurred" in this explanation of the purpose of the rule does not enlarge the scope of what discovery a petitioner may seek under Civ.R. 34(D)(3). Such an interpretation would have the effect of erasing the rule's first requirement that the discovery must be "necessary to ascertain the identity of a potential adverse party." Civ.R. 34(D)(3)(1). The phrase emphasized by appellant is simply a description of what a wrongdoer may have concealed from the petitioner, in addition to the identity of a potential party. Furthermore, our actual holding in *White* concerned the trial court's decision to issue a stay or the Civ.R. 34(D) petition, not whether the petitioner was entitled to discovery with actual knowledge of the adverse parties. *Id.* at 611-12. As discussed, *White* declined to address that specific issue. Because *White* does not enlarge the scope of authorized discovery under Civ.R. 34(D), and because appellant did not require pre-litigation discovery to determine the identity of an adverse party, appellant has not demonstrated that the trial court erred by denying its petition.

{¶ 17} For the foregoing reasons, the trial court's Civ.R. 34(D) ruling was a final appealable order under R.C. 2505.02(B)(1), and the trial court did not err by denying the petition because appellant did not seek discovery to "ascertain the identity of a potential adverse party," as required by Civ.R. 34(D)(3)(1). Accordingly, the assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

————————————